**McCLENDON et al. v. GAHAGAN et al.**
**(No. 643.)**

Court of Civil Appeals of Texas. Waco.
April 19, 1928.

Rehearing Denied May 24, 1928.

1. **Deposits in court ⬅⬆6—Where minors' funds were invested in vendor lien notes by court's order, court cannot require vendor's heirs to replace money (Rev. St. 1925, art. 1994, §§ 3, 5).**

Where minors had funds in registry of district court as result of an action, and such funds were invested in vendor lien notes by order of judge of district court, court in action for foreclosure of vendor's liens could not require heirs of vendor receiving money to replace such money in registry of court under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2169, 2170 (Rev. St. 1925, art. 1994, § 3, 5).

2. **Deposits in court ⬅⬆6—Court cannot, considering agreement, adjudicate lien of minors, whose funds were invested in vendor lien notes by court's order, to be superior to vendor's.**

In action to foreclose vendor's liens, court did not have authority to protect interests of defendants, who were minors at time their funds in registry of court were invested in two ven-

dor lien notes by order of court, by adjudicating their lien to be prior and superior liens to one securing the other note payable to vendor, where agreement recited that it was expressly understood that vendor's lien retained for security of each of three notes constituted first lien in behalf of each of said notes of equal force, effect, and extent.

Appeal from District Court, Ellis County; Tom J. Ball, Judge.

Action by O. M. Gahagan and others against J. O. McClendon, Cecil McClendon, and Houston McClendon and another. From the judgment, Cecil and Houston McClendon appeal. Affirmed.

Tom Whipple, Lem Wray, and Will Hancock, all of Waxahachie, for appellants.

J. T. Spencer, of Waxahachie, for appellees.

STANFORD, J. This suit was filed by appellees, O. M. Gahagan, H. I. Gahagan, Susie G. Fisher, joined by her husband, T. B. Fisher, and Cornelia Thornhill, Rosa Thornhill, and Herman Thornhill, by C. A. Thornhill, as next friend, as plaintiffs, against J. O. McClendon, Cecil McClendon, Houston McClendon, and L. B. Carter, as defendants. Plaintiffs alleged they were the heirs and only heirs of Mrs. C. G. Gahagan, deceased; that during the lifetime of their mother, Mrs. C. G. Gahagan, she sold to J. O. McClendon 81 acres of land for $12,000, $1,250 cash, one note for $750, payable to Cecil McClendon, one note for $1,000, payable to Houston McClendon, and one note for $9,000, payable to their said mother, Mrs. C. G. Gahagan, deceased. All of said notes were executed by J. O. McClendon, the father of Cecil and Houston McClendon. Plaintiffs sought recovery on the $9,000 note, alleging that all of said notes were secured by a first and equal vendor's lien on said land, and prayed for a foreclosure and sale of said land, and that the proceeds of such sale, if not sufficient to pay all said notes in full, be applied to the payment of said notes ratably or in proportion to the respective amounts of same. Cecil McClendon and Houston McClendon were made parties defendants because they were the owners, respectively, of the $750 and the $1,000 note. L. B. Carter was made a party defendant because he had executed three $50 notes to J. O. McClendon, who had indorsed same to the plaintiffs as collateral security to the $9,000 note. L. B. Carter was dismissed from the suit. J. O. McClendon made no defense and has not appealed. Cecil McClendon and Houston McClendon alleged, in substance, that when J. O. McClendon, their father, bought the 81 acres of land from Mrs. C. G. Gahagan and executed the three notes, they were minors, and that prior thereto they, by their said father as next friend, had recovered of C. E. Schaff, receiver for the M. K. & T. Rail-

way Company of Texas, certain moneys, to wit, Cecil, $750, and Houston, $1,000, and that said amounts had been paid into the registry of the district court of Ellis county for them, and that upon an order of said court their said funds were invested in said vendor lien notes for $750 and $1,000, executed by J. O. McClendon to Mrs. C. G. Gahagan, said notes being drawn, $750 payable to Cecil McClendon, due March 26, 1923, and $1,000, payable to Houston McClendon, due June 12, 1926, said due dates being the dates said minors, respectively, would become of age.

The case was tried before the court without a jury, and judgment rendered in favor of appellees against J. O. McClendon for $16,-310.75; also in favor of appellant Cecil McClendon against J. O. McClendon for $1,-513.45; also in favor of appellant Houston McClendon against J. O. McClendon for $2,-086.82. The court also found that the lien securing said three notes was a first vendor's lien on said land, and the lien securing said three notes is of equal force, effect, and standing, and foreclosed said lien, and directed that in case the land did not sell for enough to satisfy the judgment in full in favor of appellees and appellants Cecil and Houston McClendon, then that the proceeds of said sale be prorated among the holders of the judgments herein in proportion to the amount held by each party bears to the whole indebtedness. Appellants Cecil and Houston McClendon have duly appealed, and present the record here for review.

Appellants present two propositions, to wit:

(1) That the trial court erred in refusing to adjudge the lien securing the notes of appellants to be a first, prior, and superior lien upon the land to that held by appellees.

(2) Before sustaining the contention of appellees to have their lien adjudged to be on an equality with appellants' lien, the court should have required appellees to first replace the money of appellants into the registry of the court.

The agreed statement of facts in this case, which was adopted by the trial court as his findings of fact, shows conclusively: That on and prior to April 7, 1917, Cecil McClendon, a minor, was the owner of $750 and Houston McClendon, a minor, was the owner of $1,000, and that both said amounts were on deposit in the registry of the district court of Ellis county by virtue of a judgment of said court in cause No. 9267, Cecil and Houston McClendon, Minors, by J. O. McClendon, Next Friend, v. C. E. Schaff, Receiver of the M. K. & T. Railway Company of Texas; that on April 7, 1917, J. O. McClendon in said cause filed his application, addressed to the judge of said court, for the investment of said minors' funds, and after setting out the fact of the recovery of said amounts by said minors, and that said amounts were on deposit in the registry of said court, and that a safe investment of said funds could be made, prayed for

an order of the court authorizing the investment of same in the following manner: then sets out that he had bargained to purchase from C. G. Gahagan 81 acres of land for $12,-000, $1,250 cash, the first note for $750, payable to Cecil McClendon, the second for $1,-000, payable to Houston McClendon, and the third note for $9,000, payable to Mrs. C. G. Gahagan, all of said notes secured by a first vendor's lien upon said property; said application continuing as follows:

"Petitioner further shows to the court that the vendor of said property proposes and offers to subrogate all the rights of the vendor to said Cecil and Houston McClendon in the respect of securing said two notes by the vendor's lien in such manner that they and each of them will be so secured by first liens upon said property in like manner as will be the note which will be made payable to said vendor in order that they may realize the cash thereon.

"Wherefore, petitioner prays that he have an order and decree of the court ordering the clerk to pay over said sums of money to said Mrs. C. G. Gahagan upon the execution and delivery of the said two notes above described, and after the proper conveyance of said tract of land upon the terms herein named.

"[Signed] J. O. McClendon."

The judge's fiat on the above application was as follows:

"April 7th, 1917. The foregoing investment is authorized and on terms mentioned, and the district clerk will record order in minutes, as directed by law. [Signed] F. L. Hawkins, Judge 40th Judicial District."

An order was prepared and incorporated in the minutes of the court, which, after reciting in full the application to invest said funds and the fiat of the court thereon, concluded as follows:

"It is therefore ordered and decreed that when the terms of said application be in all things performed, and there is presented to the clerk notes in favor of said minors, in the amount and secured as shown in said application, and proper deed of conveyance fully executed and delivered, then said clerk is directed to take receipt therefor, and pay over to the vendor of said land the amounts of money called for in said notes, and thereafter hold said notes subject to further orders of this court."

The deed and notes were executed as described in the application, the deed reciting as follows:

"And I, the grantor herein, hereby convey and subrogate the vendor's lien and superior title retained and arising out of the fact that payee in said note advanced the amount of money therein shown as the purchase price of said land, to said payees in said notes as fully and to the same extent as though said notes had been executed primarily in my behalf as purchase price. And I, the grantee herein, hereby confess the indebtedness shown in said notes and the express lien retained to secure them. For the balance of said consideration said J. O. McClendon has executed in favor of grantor

herein his promissory note of even date herewith for the sum of nine thousand dollars, * * * and secured by vendor's lien expressly retained upon the hereinafter described real estate. It is expressly understood that the vendor's lien retained for the security of each of the three notes above described constitute a first lien in behalf of each of said notes of equal force, effect and extent."

On the presentation to the clerk of the district court of said two vendor lien notes, one for $750, payable to Cecil McClendon, and the other for $1,000, payable to Houston McClendon, said clerk, as per order of the court, about May 29, 1917, paid over to Mrs. C. G. Gahagan said amounts of money belonging to said minors.

[1] Article 1994, Revised Civil Statutes of 1925, provides that minors may prosecute suits by next friend. Section 2 of said article provides that such next friend, with the approval of the court, may compromise such suits. Section 3 of said article provides:

"In such cases, when a judgment is recovered for money or other personal property the value of which does not exceed five hundred dollars, the court may by order entered of record, authorize such next friend or other person to take charge of such money or other property for the use and benefit of the plaintiff when he has executed a proper bond in a sum at least double the value of the property, payable to the county judge, conditioned that he will pay said money with lawful interest thereon or deliver said property and its increase to the person entitled to receive the same when ordered by the court to do so, and that he will use such money or property for the benefit of the owner under the direction of the court."

Section 5 of said article provides:

"The person who takes such money or property shall receive such compensation as the court may allow and shall make such disposition thereof as the court may order; and he shall return such money or property into court upon the order of the court."

Section 4 of said article provides:

"The judge of the court in which the judgment is rendered upon an application and hearing, in term time or vacation, may provide by decree for an investment of the funds accruing under such judgment. Such decree, if made in vacation, shall be recorded in the minutes of the succeeding term of the court."

These provisions of article 1994 of our 1925 Statutes are the same, in substance, as articles 2167 to 2170, inclusive, of Vernon's Sayles' Statutes of 1914. If Mrs. C. G. Gahagan had taken the money belonging to appellants, when they were minors, out of the registry of the court, by executing a bond therefor, as provided by article 2169, Vernon's Sayles' Statutes 1914, also section 3 of article 1994 of the 1925 Statutes, then the trial court, on the trial of this case, would have had the authority and it would have been his duty under the facts of this case to require

appellees, the heirs of Mrs. Gahagan, to replace said money in the registry of the court; but the minors' funds having been invested in 1917 by order of the then judge of said district court, said provisions authorizing the court to require its return had no application, and conferred upon the trial court no such authority. The court was correct in refusing to order appellees to return said funds to the registry of the court. Articles 2169 and 2170, Vernon's Sayles' Statutes 1914; also article 1994, §§ 3 and 5, Revised Statutes 1925.

[2] Neither do we think the trial court in this case had the authority to protect the interest of appellants, although minors at the time their funds were invested, by adjudicating their lien to be a prior and superior lien to the one securing the $9,000 note, unless such was the intention of the parties at interest at the inception of said liens. We heartily agree with appellants' counsel that it is the duty of our courts to be very cautious to safeguard the interests of minors. We also agree that it was the duty of the judge of the district court of Ellis county, when application was made to said court on April 7, 1917, to invest the funds of said minors in the vendor lien notes in question, to see to it that said investment was a safe one; and in order to accomplish this result, under the facts of this case, said court should have required that the lien securing the notes in which their money was invested be made a prior and superior lien to the lien securing the note for $9,000 retained by Mrs. Gahagan. We also agree, if it was doubtful from the language used as to whether or not the intention was to make the lien securing said notes for $750 and $1,000 a prior and superior lien, we should resolve said doubt in favor of said minors, appellants here. However, the record seems to leave no such doubt. The application to invest said funds describes these vendor lien notes to be executed for the deferred payments for said land, the first for $750, payable to Cecil McClendon, the second for $1,000, payable to Houston McClendon, and the third for $9,000, payable to Mrs. C. G. Gahagan, "and all of said notes secured by first vendor's lien upon said property." The application further, after setting out that the vendor proposes to subrogate all the rights of the vendor to Cecil and Houston McClendon, recites:

"In respect to securing said two notes by the vendor's lien in such manner that they and each of them will be so secured by first liens upon said property in like manner as will be the note which will be made payable to said vendor in order that they may realize the cash thereon."

The court authorized the investment on the terms mentioned in the application. The deed, after reciting the consideration, describing the three notes given, one for $750, payable to Cecil McClendon, another for $1,000, payable to Houston McClendon, and another

for $9,000, payable to Mrs. C. G. Gahagan, recites:

"It is expressly understood that the vendor's lien retained for the security of each of the three notes above described constitutes a first lien in behalf of each of said notes, of equal force, effect and extent."

The record shows the three notes were to be and were made first lien notes of equal dignity. There is no evidence to the contrary. As the matter has turned out, the judge of said court in 1917 made an unfortunate investment for said minors, but, as we view the case, the trial court was, and this court is, powerless to afford relief. We overrule appellants' assignments.

The judgment of the trial court is affirmed.