Taffidie Nickole McGOUGH, By and Through Her Next Friends Bill E. WONZER and Linda D. Wonzer, Relator,

v.

The FIRST COURT OF APPEALS and the Honorable Louis Moore, Judge of the 281st Judicial District Court of Harris County, Texas, Respondents.

No. D–2293.

Supreme Court of Texas.

Sept. 30, 1992.

Earle S. Lilly, Leslie Werner de Soliz, Houston, for relator.

Allan J. Richardson, Houston, for respondents.

## ON MOTION FOR REHEARING

### PER CURIAM.

The motions for rehearing are overruled. The court's opinion of June 17, 1992, is withdrawn, and the following is substituted therefor.

This original proceeding presents two issues arising from the settlement of a personal injury suit brought on behalf of a minor: first, whether section 142.001(a) of the Texas Property Code gives a trial court the authority to order settlement proceeds of a minor, who is represented by a guardian ad litem, to be invested in an annuity from a particular insurance company; and second, whether Texas Rule of Civil Procedure 173 precludes a trial court from appointing a second guardian ad litem after issuing its judgment.[1] A majority of this court holds that as to the first issue the trial court below acted without authority, but as to the second issue the trial court acted within its discretion. In the case at bar, Taffidie Nickole McGough was rendered permanently brain-damaged when she fell into a swimming pool. Suit was filed by Bill and Linda Wonzer, McGough's

---

1. The First Court of Appeals resolved these issues by holding that the trial court did not abuse its discretion on either issue. *McGough v. Moore,* 828 S.W.2d 547 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding).

grandparents and temporary managing conservators. During the litigation, the court appointed John Culbertson as guardian ad litem to represent Taffidie's interests. After a jury trial but before the jury returned its verdict, the parties reached a settlement which would generate about $10.5 million for Taffidie's benefit. The defendants tendered the settlement proceeds into the registry of the trial court.

On September 4, 1991, the trial court held a hearing to determine the best method to invest the settlement proceeds. On November 4, 1991, the ad litem filed an "Amended Motion to Create § 142.005 Trust for the benefit of Taffidie McGough." [2] Eleven days later, Judge Moore entered the final judgment, apportioned the settlement, awarded Culbertson his fees for serving as guardian ad litem and discharged him of any further responsibility for the case. In addition, he issued the following order: "In accordance with the provisions of the Texas Property Code § 142.001(a) ... [it is] ORDERED, ADJUDGED AND DECREED that the Clerk of the Court disburse the sum of FOUR MILLION DOLLARS ($4,000,000), by check payable to METROPOLITAN LIFE INSURANCE COMPANY ... for an annuity policy to fund future periodic payments for Taffidie McGough."

■ Section 142.001(a) of the Texas Property Code, upon which Judge Moore based his order, provides that:

> In a suit in which *a minor* or incapacitated person who has *no legal guardian is represented by next friend,* the court on

application and hearing may provide by decree for the investment of funds accruing to the minor or other person under the judgment in the suit.

(Emphasis added.) By its terms, this provision authorizes a trial court to order the investment of funds when a minor who has no legal guardian is represented by next friend.[3] Since Taffidie was represented by a guardian ad litem, John Culbertson, and not a next friend, the trial court could not order an investment plan pursuant to section 142.001(a).

■ Second, section 142.001(a) permits a trial court to order an annuity to be purchased for a minor only if the following conditions are met: the minor is represented by next friend, the next friend makes an application to the trial court, and the trial court conducts a hearing. In this case, Judge Moore held a hearing on September 4, 1991 which satisfied the last prong. However, the first two prongs were not fulfilled because Taffidie was not represented by next friends and even if she had been, her next friends steadfastly opposed the purchase of an annuity and refused to make an application. During the hearing, when the parties could not agree on how to invest the funds, the trial court stated:

> If you do not come up with an agreement that I feel is equitable and fair for this child, then I will go forward. I will instruct the ad litem to make an application. ... And I will go ahead with the annuity program.

Although this approach may have seemed expedient, the trial court cannot force a

---

2. Both the Wonzers and Tammie Yvette McGough submitted proposed trust agreements to the trial court. We express no opinion about the validity of either agreement because that issue is not before the court.

3. The predecessor of section 142.001(a) provided in part that:

Art. 1994. **Suit and representation by next friend**

Minors ... who have no legal guardian may sue and be represented by "next friend" under the following rules: ... (2) The judge of the court in which the judgment is rendered upon an application and hearing, ... may provide for an investment of the funds accruing under such judgment.

Tex.Rev.Civ.Stat.Ann. art. 1994 (Vernon 1925). Thus, in addition to the express language of section 142.001(a) of the Texas Property Code limiting its application to cases in which the minor is represented by next friend, the statute's history indicates that the legislature intended such a construction. *See* Tex.Prop.Code § 1.001 (the prior statutes, such as art. 1994, were codified without substantive change); *see also* Tex. Prop.Code 142.005(a) (a trust may be established for a minor represented by a next friend or an appointed guardian ad litem, upon application by either of them and finding that it would be in the best interests of the minor).

guardian ad litem to make application for the purchase of an annuity or order such an investment sua sponte. *See* Tex.Prop. Code § 142.001(a).

■ Third, the trial court cannot require that settlement proceeds be placed with a specific company, such as Metropolitan Life Insurance Company, or set the exact rates and terms of the investment absent a specific request to that effect. In short, a trial judge should not shed his judicial robe for the charts and graphs of an investment adviser. Apart from the expertise needed to make these complicated decisions, the trial court would be immune from liability for any unfortunate decision, whereas Taffidie would have recourse against any other investment adviser who undertook an imprudent investment strategy. *See Turner v. Pruitt,* 161 Tex. 532, 534, 342 S.W.2d 422, 423 (1961) (noting that a judge is immune for actions in the course of a judicial proceeding over which the court has jurisdiction); *Rodriguez v. Rubin,* 731 S.W.2d 141, 142 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *McClendon v. Gahagan,* 6 S.W.2d 796, 799 (Tex.Civ. App.—Waco 1928, writ dism'd w.o.j.) (minors had no recourse for the "unfortunate investment" ordered by the trial court).

■ A court will issue mandamus to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984). A trial court abuses its discretion when it issues an order it has no power to render or acts arbitrarily, capriciously, and without reference to guiding principles. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). In this case, section 142.001(a) did not give the trial court the authority to order an annuity to be purchased from a specific company for a minor who was represented by an ad litem. Furthermore, mandamus is appropriate because Taffidie does not have an adequate remedy by appeal. *See TransAmerican Natural Gas v. Powell,* 811 S.W.2d 913, 919–20 (Tex.1991). As Metropolitan Life Insurance's agent stated, if the investment is placed in an annuity, "it's locked in. That's no question. You can't get it out."

Thus, any appeal of the trial court's order would be inadequate.

■ The trial court did not abuse its discretion by appointing a new guardian ad litem—Kelly Coghlan—after dismissing Culbertson upon issuance of its judgment. Texas Rule of Civil Procedure 173 authorizes the appointment of a guardian ad litem to protect a minor's interest during litigation. This court has recently explained that the appointment of a guardian ad litem is appropriate *only* when there is a conflict of interest between the minor and the next friend or guardian. *See Davenport v. Garcia,* 834 S.W.2d 4, 24 (Tex.1992) (interpreting Rule 173).

When it appointed Coghlan, the trial court was apparently concerned with protecting Taffidie's interest in the present mandamus proceedings and any appeal from its judgment. The fact that the appointment occurred post-judgment is unimportant, since a guardian ad litem may have usefulness for all stages of a case, not just the trial. *See Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida,* 596 S.W.2d 947, 951 (Tex.Civ. App.—Fort Worth 1980, no writ). Indeed, as this case proceeded after the trial court's entry of judgment, the Wonzers continued to have a personal interest in the handling of the settlement funds. In its order appointing the second guardian ad litem on February 12, 1992, the trial court found specific conflicts of interest between Taffidie and the Wonzers; among the concerns were the fact that the Wonzers would receive compensation for their services as managing conservators and the Wonzers' interest in an inheritance should Taffidie predecease them. Given these circumstances, the trial court's appointment of a new guardian ad litem was reasonable and we will not overturn the trial court's action on this matter.

Consequently, pursuant to Rule 122 of the Texas Rules of Appellate Procedure, a majority of this court conditionally grants Taffidie McGough's motion for leave to file petition for writ of mandamus. The writ will issue only if the trial court refuses to

set aside the disputed order in accordance with this opinion.