Gary GRUNEWALD and Jane Grunewald as Natural Parents and Next Friends of Rachael Grunewald, a Minor, Appellants,

v.

TECHNIBILT CORPORATION, Gleason Corporation, and Whittaker Corporation, Appellees.

No. 05–95–00060–CV.

Court of Appeals of Texas, Dallas.

April 25, 1996.

Rehearing Overruled June 10, 1996.

Mark S. Stewart, Jimmie A. Franklin, Mark S. Stewart & Associates, P.C., Fort Worth, Leon R. Russell, P.C., Dallas, for Appellants.

Kevin J. Keith, Jerald Butler, Fowler Wiles Norton & Keithy, L.L.P., Philip Treacy, Dallas, for Appellees.

Before LAGARDE, BARBER [1] and STEWART [2], JJ.

## OPINION

STEWART, Justice (Retired).

Gary and Jane Grunewald, as natural parents and next friends of minor Rachael Grunewald, appeal from the trial court's approval of a settlement recommended by the guardian ad litem. The guardian ad litem urges that the parents have no standing to challenge the trial court's approval of his settlement recommendation. We agree and, accordingly, dismiss this appeal.

## STATEMENT OF FACTS

On April 20, 1992, the parents filed suit against appellees claiming damages arising out of the partial amputation of the child's finger when a shopping cart turned over at E.B. Mott's Grocery store ("Mott"). The parents alleged that Mott negligently failed to maintain the cart, failed to equip the cart with a seatbelt, failed to warn of the condition, and committed other acts of negligence. The parents also alleged that Technibilt Corporation, Gleason Corporation, and Whittaker Corporation ("the Technibilt defendants") negligently designed, manufactured, and marketed the shopping cart as an unreasonably dangerous product. The parents sought damages individually and as next friends of their minor daughter.

In an agreed motion, the parties sought appointment of a guardian ad litem based on the adverse interests existing between the child and her parents, who sought damages for their individual claims. On December 6, 1993, in accordance with rule 173 of the Texas Rules of Civil Procedure, the trial court appointed Leon Russell as guardian ad litem to represent the child in this action.

On June 13, 1994, the day set for a trial of the matter, the parents and the guardian ad litem announced that the parties had reached a settlement of the parents' individual claims and the child's claims against Mott.[3] The guardian ad litem advised the trial court that he recommended settlement of the child's claim against Mott, and the trial court approved that settlement. The parties advised the trial court that settlement negotiations were continuing between the guardian ad litem and the Technibilt defendants for settlement of the child's remaining claims. During the course of the day, the guardian ad litem recommended three settlement proposals to the trial court. The parents' counsel objected to each of these settlement recommendations and requested the trial court proceed with a trial against the Technibilt defendants on all claims, theirs and the child's. The parents' counsel based his objections on his opinion that a jury would give the child more money than that offered in any of the settlement proposals. The trial court refused to approve either of the first two settlement proposals submitted by the guardian ad litem, but did approve his third recommendation for settlement of the child's claims against the Technibilt defendants.

The guardian ad litem stated on the record that he based his recommendation for settlement on various factors, including: (1) his experience handling amputation and products cases; (2) his review of jury verdicts from Dallas and North Texas; (3) his review of the file, attendance at some of the depositions, and review of other deposition testimony; and (4) his concern about proving liability against the Technibilt defendants. The parents' counsel objected to the settlement approval and again requested the trial court go forward with a trial of all claims against the Technibilt defendants, including the child's. Instead, the trial court instructed the parties to return the following day for a trial of the parents' individual claims against the Technibilt defendants. The trial court stated that because it had approved the settlement of all the child's claims, the guardian ad litem need not appear at the trial on the parents' claims.

1. The Honorable Will Barber, Justice, participated in the submission of this case, however, he did not participate in the issuance of this opinion due to his death on March 21, 1996.

2. The Honorable Annette Stewart, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

3. The parents do not appeal the Mott settlement.

On June 14, 1994, the parents announced to the trial court that they had also reached a settlement agreement with the Technibilt defendants for their individual claims. The parents testified that they objected to the trial court's approval of the settlement of the child's claims against the Technibilt defendants and renewed their request that the trial court go forward with a trial of those claims. In light of the parents' objections and their testimony suggesting a possible appeal of the trial court's approval of this settlement, the trial court ordered the guardian ad litem to return to the proceedings. The guardian ad litem returned and confirmed his settlement recommendation for the child's claims against the Technibilt defendants. Having already approved the guardian ad litem's settlement recommendation, the trial court deferred the prove-up for another date.

On September 16, 1994, the trial court entered a final judgment disposing of the child's claims against all defendants. The judgment recited that the guardian ad litem recommended settlement approval after conducting an investigation and determining that the settlement offer was fair and just, and in the child's best interests. The trial court did not discharge the guardian ad litem.

The parents' claims remained pending until December 5, 1994, when the trial court granted the parents' joint motion and entered an order dismissing with prejudice the parents' individual claims against all defendants.

## STANDING

### Applicable Law

Under the Texas Rules of Civil Procedure, a guardian ad litem can be appointed only when a minor is represented by a next friend or guardian who appears to the courts to have an interest adverse to the minor. TEX. R.CIV.P. 173; *Davenport v. Garcia,* 834 S.W.2d 4, 24 (Tex.1992); *Byrd v. Woodruff,* 891 S.W.2d 689, 705 (Tex.App.—Dallas 1994, writ dism'd by agr.). Once appointed, the guardian ad litem displaces the next friend and becomes the personal representative of the individual who is subject to a legal disability. *Byrd,* 891 S.W.2d at 705 (citing *Newman v. King,* 433 S.W.2d 420, 421 (Tex. 1968)).

■ A guardian ad litem's representation is limited to matters related to the suit for which he or she is appointed. *Byrd,* 891 S.W.2d at 705 (citing *Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida,* 596 S.W.2d 947, 951 (Tex.Civ.App.—Fort Worth, 1980, no writ)). A guardian ad litem may be useful in all stages of a case, not just the trial. *McGough v. First Court of Appeals,* 842 S.W.2d 637, 640 (Tex.1992) (trial court concerned with protecting child's interest in present proceedings *and any appeal from its judgment* ).

■ The guardian ad litem participates in the case to the extent necessary to adequately protect the minor's interests and has considerable latitude in determining what activities are necessary to that effort. *Byrd,* 891 S.W.2d at 706. A guardian ad litem can: (1) prosecute an appeal from the trial court in which the guardian was appointed; (2) remove, under the proper circumstances, a suit to federal court from state court; and (3) initiate an extraordinary proceeding, such as a writ of mandamus or prohibition, on behalf of a minor whom the guardian ad litem was appointed to represent. *Durham v. Barrow,* 600 S.W.2d 756, 761 (Tex.1980); *Pleasant Hills,* 596 S.W.2d at 951.

The service of the guardian ad litem burdens the parties to a case, but such a burden is necessary when the ward's rights cannot legally be served by a parent, next friend, or guardian with conflicting interests. *Davenport,* 834 S.W.2d at 45 (Hecht, J., concurring). Consequently, the appointment of a guardian ad litem and a settlement hearing are often necessary in comprising any suit involving a minor. *Byrd,* 891 S.W.2d at 705. Because a guardian ad litem displaces the next friend, the trial court should exercise great caution in appointing an ad litem. *Id.* at 705 n. 6.

### Application of the Law to the Facts

■ The guardian ad litem argues that the parents, as next friends, have no standing to

bring this appeal. The guardian ad litem asserts that the very nature of this appeal demonstrates the probable conflict between the parents and the child has not been removed, but continues to exist on appeal. He contends that as guardian ad litem, he displaced the parents as next friends, and became the child's personal representative. *See Newman,* 433 S.W.2d at 421. The guardian ad litem also contends that the parents, as next friends, may not represent the child concurrently with an appointed guardian ad litem while a conflict exists. *See id.* Finally, he argues that the next friend has no right to bring an appeal once a guardian ad litem has been appointed.

We agree with the guardian ad litem that the parents have no standing to challenge the trial court's approval of the guardian ad litem's settlement recommendation in this case. Rule 173 of the Texas Rules of Civil Procedure provides that the trial court shall appoint a guardian ad litem where "a minor ... is a party to a suit ... and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor." TEX.R.CIV.P. 173. The trial court properly appointed a guardian ad litem to represent the child's interests in this suit because a conflict existed between the child and her parents, who had filed their own individual claims against the Technibilt defendants. *See Davenport,* 834 S.W.2d at 24. We conclude that at the time the trial court appointed the guardian ad litem, the guardian ad litem displaced the parents as the child's representative for purposes of this suit. *See Newman,* 433 S.W.2d at 421; *Byrd,* 891 S.W.2d at 705.

Contrary to the parents' assertion, the record fails to reveal the removal of the conflict *prior* to the trial court's approval of the guardian ad litem's settlement recommendation. Indeed, the parents announced settlement of their claims the day following the trial court's approval of the guardian ad litem's settlement recommendation. They dismissed their claims with prejudice over four months later. The record reflects that a conflict of interest existed at the time the trial court appointed the guardian ad litem

*and* at the time it approved the guardian ad litem's settlement recommendation.

As stated above, the judgment in this case is based on the settlement agreement negotiated and recommended to the trial court by the guardian ad litem. After the trial court approved the settlement agreement and entered its judgment incorporating and implementing its terms, the settlement agreement became forever binding and conclusive on the child. *See Byrd,* 891 S.W.2d at 706 (citing TEX.R.CIV.P. 44). The trial court's judgment in this case is a final resolution of the child's interests as represented by the guardian ad litem. *See Byrd,* 891 S.W.2d at 706. Thus, because the child cannot appeal, the next friends have no standing to appeal. To hold otherwise *would circumvent and undermine* the statutory scheme provided in rules 44 and 173 of the Texas Rules of Civil Procedure.

We note that the guardian ad litem relied on the Austin Court of Appeals' opinion in *Vandewater v. American General Fire and Casualty Company,* 890 S.W.2d 811, 815 (Tex.App.—Austin 1994), *rev'd,* 907 S.W.2d 491 (Tex.1995). After he filed his brief here, the Texas Supreme Court reversed *Vandewater* and specifically held that a next friend and a guardian ad litem may coexist and complement each other. However, our case is distinguishable from the facts in *Vandewater.* There, pursuant to a settlement agreement in an underlying lawsuit, American General filed a declaratory judgment suit against the parent and child requesting the trial court declare the applicable policy limits of an insurance policy to be $100,000. The parent answered and filed a counterclaim individually and as the child's next friend, requesting a declaration that the applicable policy limit was $500,000. Subsequently, the trial court appointed a guardian ad litem. The supreme court stated that the actions of a next friend and a guardian ad litem may coexist and complement each other as in that suit, so that the parent's answer individually and as next friend placed the child's interests before the trial court for adjudication. *Vandewater,* 907 S.W.2d at 493 n. 2. No conflict existed because both the parent and the child sought a declaration that the appli-

cable policy limit was $500,000. The parties agreed the guardian ad litem's appointment protected the child's interests both in the declaratory action *and* in the division of any sum awarded—an event that could trigger a potential conflict. *Id.*

Unlike *Vandewater,* the parents and guardian ad litem here do not coexist and complement each other as the child's legal representatives in the lawsuit because the parents' interests conflicted with the child's interests. The record fails to reveal the removal of that conflict prior to the time the trial court approved the settlement recommendation and entered its judgment. The parents' actions during the pendency of the lawsuit support this conclusion. While the conflict existed, the parents opposed and objected to the guardian ad litem's actions in the following respects: (1) objecting to the guardian ad litem's settlement recommendation of the child's claims and requesting the trial court to proceed with a trial on the child's claims against the Technibilt defendants; (2) objecting to the trial court's approval of the guardian ad litem's settlement recommendation at the time they announced settlement of their own claims against the Technibilt defendants; (3) filing a written pleading objecting to entry of submission of settlement documents and to entry of final settlement judgment and release of the child's claims against the Technibilt defendants; and (4) continuing to object to the trial court's approval of the settlement recommendation by bringing this appeal.

 Our holding that the parents, as next friends, have no standing to appeal the trial court's judgment in this case does not leave the child without a remedy. A guardian ad litem must act as a fiduciary with respect to the child's interests. *Byrd,* 891 S.W.2d at 706. As a fiduciary, the guardian ad litem's duty to the child is one of integrity, loyalty, and the utmost good faith. *Id.* In this case, the guardian ad litem owed the child a fiduciary duty with respect to the settlement of her claims. *See id.* Thus, the guardian ad litem remains accountable to the child, who may properly assert liability in a civil action for damages resulting from any alleged breach of his duties as her personal representative in this action. *See id.* at 708.

The guardian ad litem requests this Court to dismiss the appeal *and* remand to the trial court for a determination of additional ad litem fees necessitated by this appeal. Standing is a component of subject matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). Since the parents lack standing, this Court necessarily lacks subject matter jurisdiction. *See id.* Because this Court lacks subject matter jurisdiction, we have no authority other than to dismiss the appeal. *See, e.g., Reynolds v. Reynolds,* 860 S.W.2d 568, 570–71 (Tex.App.—Dallas 1993, writ denied).

Dismissed.