TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00047-CV







Raul Rodriguez, Individually and Mary Rodriguez, Individually; and

Mercedes Rodriguez, by her Next Friend, Mary Rodriguez

(alternatively Raul Rodriguez), Appellants


v.


R. Todd Maxson, M.D. a/k/a Robert T. Maxson, M.D. a/k/a Robert Todd Maxson,

M.D. a/k/a Todd Maxson, M.D. a/k/a Robert Maxson, M.D.; and Austin Pediatric

Surgery Association, P.A. a/k/a Austin Pediatric Surgery Association

a/k/a Austin Pediatric Surgery Associates, P.A. a/k/a Austin

Pediatric Surgery Associates, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN002810, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING





 This is a medical malpractice case for money damages. Raul Rodriguez and Mary
Rodriguez filed their lawsuit individually and with Mary Rodriguez as next friend of their minor
daughter, Mercedes Rodriguez, (1) against Robert Todd Maxson, M.D., and Austin Pediatric Surgery
Associates, P.A. (collectively "Maxson"), alleging Maxson negligently performed throat surgery on
Mercedes, who was two years old at the time of the surgery. In addition to Mercedes's negligence
claim, Raul and Mary asserted individual past and future loss of consortium claims. Before trial, the
trial court appointed a guardian ad litem to represent Mercedes. The parties proceeded to trial and
at the close of evidence Maxson moved for a directed verdict as to Raul and Mary's claims for loss
of consortium. The trial court granted the directed verdict for all but Mary's past loss of consortium
claim. While the jury was deliberating, Maxson negotiated a high-low settlement agreement with
Mercedes, through her guardian ad litem, which the trial court approved. The jury returned a verdict
for Mercedes in excess of the "high" in the settlement agreement and awarded nothing to Mary on
her loss of consortium claim. The trial court rendered judgment consistent with the "high" of the
high-low agreement, and this appeal ensued. For the reasons stated below, we hold the parents lack
standing to bring this appeal and therefore dismiss the appeal for lack of subject-matter jurisdiction.


BACKGROUND

 Mercedes Rodriguez was injured during throat surgery performed by Dr. Maxson. 
Mary and Raul Rodriguez brought individual claims for their loss of consortium arising out of
Mercedes's personal injuries. Mary, as next friend on behalf of Mercedes, also sought various
elements of damages, including past and future medical expenses. 

 Six weeks before trial, at Maxson's request and over the parents' objections, the trial
court appointed a guardian ad litem to represent Mercedes. The case proceeded to trial before a jury. 
After both sides rested, Maxson moved for directed verdict as to Raul and Mary's claims for loss of 
consortium. The trial court granted the directed verdict as to Raul's past and future loss of
consortium claims and as to Mary's future loss of consortium claim. The remaining issues,
Mercedes's negligence claim and Mary's past loss of consortium claim, were submitted to the jury.

 While the jury was deliberating, the guardian ad litem and Maxson negotiated a
settlement of Mercedes's claim, consisting of a "high-low" settlement agreement. This agreement
capped Mercedes's recovery at $925,000 and set a floor of $500,000. The guardian ad litem
recommended to the trial court that the settlement offer be accepted. The parents objected and
requested that the guardian ad litem be removed. The trial court denied the parents' request and
approved the settlement agreement. 

 Shortly thereafter, the jury returned a verdict which would have found Maxson
negligent in the treatment of Mercedes and awarded her a total of $1,288,768.10 in damages. The
jury also found that Mary had not suffered any past loss of consortium and awarded her zero
damages. The parents filed several post-trial motions: seeking leave to file a trial amendment;
objecting to the appointment of the guardian ad litem on July 30, 2001; and objecting to the
continued appointment of the guardian ad litem on September 14 and November 7, 2001. The trial
court denied these motions and on December 1, 2001, signed a final judgment that incorporated the
approved settlement agreement between Mercedes and Maxson, awarded Mercedes $925,000 in
damages, and rendered judgment that Mary take nothing. This appeal followed.

 By six issues, the parents complain that the trial court erred in appointing the guardian
ad litem, not removing the guardian ad litem on September 14, 2001, and not removing the guardian
ad litem on November 7, 2001. They claim that due to the improper appointment of the guardian
ad litem, this Court should set aside the settlement agreement and award Mercedes her general
damages, plus post-majority medical expenses, and award the parents past and pre-majority medical
expenses. Alternatively, they ask this Court to reform the judgment to award the parents pre-majority medical expenses. 


DISCUSSION

Appointment of guardian ad litem

 In order to address the parents' complaints regarding the trial court judgment, it is
necessary to decide first whether the appointment of the guardian ad litem was proper. We review
the appointment of a guardian ad litem under an abuse of discretion standard. McGough v. First
Court of Appeals, 842 S.W.2d 637, 640 (Tex. 1992); McAllen Med. Ctr. v. Rivera, No. 13-01-00047,
2002 Tex. App. LEXIS 6417, at *7 (Tex. App.--Corpus Christi August 30, 2002, no pet. h.). In
reviewing a trial court decision under an abuse of discretion standard, we must determine whether
the trial court acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The exercise of discretion is within the sole
province of the trial court. Therefore, an appellate court may not substitute its discretion for that of
the trial judge. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985). Rather, an
abuse of discretion only occurs when the trial court reaches a decision that is "so arbitrary and
unreasonable as to amount to be a clear and prejudicial error of law." Id. at 917. The appellant must
establish, under the circumstances of the case, that the facts and law permit the trial court only one
decision. Id. 

 If an adverse interest arises between the minor plaintiff and next friend, the next
friend is incompetent to represent the minor. Byrd v. Woodruff, 891 S.W.2d 689, 704 (Tex.
App.--Dallas 1994, writ dism'd by agr.). Texas Rule of Civil Procedure 173 provides:


"When a minor . . . is a party to a suit . . . and is represented by a next friend . . . who
appears to the court to have an interest adverse to such minor . . . the court shall
appoint a guardian ad litem for such person . . . ."



Tex. R. Civ. P. 173 (emphasis added). Rule 173 authorizes appointment of a guardian ad litem when
it appears the next friend has an interest adverse to the minor he is representing. Id.; Davenport v.
Garcia, 834 S.W.2d 4, 24 (Tex. 1992). The conflict need not be actual. Potential for conflict during
trial or settlement negotiations authorizes the appointment of a guardian ad litem. McAllen Med.
Ctr., 2002 Tex. App. LEXIS 6417, at *8; Borden, Inc. v. Martinez, 19 S.W.3d 469, 472 (Tex.
App.--San Antonio 2000, no pet.).

 When it appears to the trial court that the next friend has an interest adverse to the
minor, displacement of the next friend with a guardian ad litem is mandatory. Tex. R. Civ. P. 173; 
Kennedy v. Missouri Pac. R.R., 778 S.W.2d 552, 555 (Tex. App.--Beaumont 1989, writ denied) 
(citing Newman v. King, 433 S.W.2d 420 (Tex. 1968)). Adversity of interest is a preliminary matter
to be determined by the court from the evidence before it, and its decision will not be disturbed
absent a showing of abuse of discretion. Texas Employers Ins. Corp. v. Keenom, 716 S.W.2d 59,
67 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.). Once appointed, the guardian ad litem
displaces the next friend and becomes the personal representative of the minor for the duration of
the case or until such time as the trial court determines the conflict has been removed. See
Brownsville-Valley Regional Med. Ctr., Inc. v. Gamez, 894 S.W.2d 753, 755 (Tex. 1995);
Grunewald v. Technibilt Corp., 931 S.W.2d 593, 595 (Tex. App.--Dallas 1996, writ denied); Byrd,
891 S.W.2d at 705.

 Parents Mary and Raul claim that the appointment of the guardian ad litem on July
30, 2001, was error because there were no facts on the record or elsewhere indicating that there was
a conflict of interest between them and Mercedes, despite the parents' assertion of individual claims. 
We disagree. When a parent sues on his own behalf and also as a next friend of a minor child for
injuries arising out of the same occurrence, a conflict of interest between the parties may often arise. 
Phillips Petroleum Co. v. Welch, 702 S.W.2d 672, 674 (Tex. App.--Houston [14th Dist] 1985, writ
ref'd n.r.e.). Appointment of a guardian ad litem is proper when the minor and parent as next friend
both seek damages for the child's injury. See, e.g., Grunewald, 931 S.W.2d at 594 (holding
appointment of guardian ad litem necessary where minor and parent as next friend both sought
damages for child's injury); Byrd, 891 S.W.2d at 704-05 (holding conflict between minor and next
friend often arises in settlement situation when both are seeking damages). In addition, even if an
actual conflict never arises, the mere appearance of conflict will require the court to appoint a
guardian ad litem to represent the minor. See Tex. R. Civ. P. 173; Keenom, 716 S.W.2d at 67. 

 On July 30, 2001, Raul and Mary were both seeking to recover for their own loss of
consortium as well as their own mental anguish. The same pleading asserted claims for Mercedes
for her own past and future damages. Maxson requested the appointment of a guardian ad litem
because a conflict of interest existed by virtue of the parents' individual claims and Mary's status
as next friend bringing Mercedes's claims. The parents opposed the appointment of an ad litem and
advised the court that they agreed to waive their claims should a conflict of interest arise. Because
the parents were actively pursuing separate and distinct claims from Mercedes at the time, the court
appointed the guardian ad litem. While the parents may have agreed to waive their individual claims
should a conflict arise, they did not non-suit those claims; therefore, the claims were still alive at the
time of the appointment. Because the minor, Mercedes, and her parents were all parties to the
lawsuit, a potential for a conflict of interest existed during the prosecution of the suit and the
negotiation of a settlement. Therefore, we cannot say that the trial court abused its discretion in
appointing the guardian ad litem to oversee Mercedes's interest. Once appointed, the guardian ad
litem displaced Mary as Mercedes's representative for purposes of this suit. See Newman v. King,
433 S.W.2d 420, 421 (Tex. 1968); Grunewald, 931 S.W.2d at 596; Byrd, 891 S.W.2d at 705.

 Raul and Mary also argue that the trial court abused its discretion in denying their
motion to remove the guardian ad litem on September 14, 2001, and November 7, 2001. (2) On
September 14, 2001, before the settlement recommendation, the parents moved the court to remove
the guardian ad litem. Mary also stipulated that she would waive her sole remaining individual claim
of past loss of consortium to remove any possible conflict, on the condition that the guardian ad
litem be removed. The motion was denied. The parents then filed a post-trial motion to remove the
guardian ad litem, which was also denied. The parents assert that there was no conflict of interest
on September 14, 2001 or November 7, 2001. Contrary to the parents' assertion, the record fails to
reveal the removal of the conflict prior to the trial court's approval of the guardian ad litem's
settlement recommendation on December 1, 2001. The parents had not settled their individual
claims, nor had they non-suited them. In fact, every petition filed by the parents, including the post-trial petition filed on November 5, 2001, contained individual claims for Mary and Raul. 
Additionally, the very nature of this appeal demonstrates that the probable conflict between the
parents and Mercedes continues. We hold that the trial court did not abuse its discretion in failing
to find that a conflict no longer existed, either on September 14, 2001 or November 7, 2001. There
was evidence that reasonably supports the trial court's decision. 


Standing

 Maxson argues that the parents lack standing to bring this appeal, given that the
appointment of a guardian ad litem displaced the parents in the representation of Mercedes's
interests. See Newman, 433 S.W.2d at 421; Grunewald, 931 S.W.2d at 596; Byrd, 891 S.W.2d at
705. We agree. The guardian ad litem had the authority to enter into settlement negotiations and
execute settlement agreements the ad litem believed to be in the best interest of Mercedes. As such,
the parents have no standing to appeal the trial court's approval of the guardian ad litem's settlement
recommendation. Grunewald, 931 S.W.2d at 596. We have held that the trial court properly
appointed a guardian ad litem to represent Mercedes's interest in this suit because a conflict existed
between the child and her parents, who had filed their own individual claims against Maxson. Once
the trial court appointed the guardian ad litem, the guardian ad litem displaced the parents as
Mercedes's representative in this suit. See Newman, 433 S.W.2d at 421; Grunewald, 931 S.W.2d
at 596; Byrd, 891 S.W.2d at 705. The judgment in this case is based on the settlement agreement
negotiated and recommended to the trial court by the guardian ad litem. After the trial court
approved the settlement and entered its judgment incorporating its terms, the settlement agreement
became forever binding and conclusive on Mercedes. See Tex. R. Civ. P. 44; Grunewald, 931
S.W.2d at 596; Byrd, 891 S.W.2d at 706 (citing Tex. R. Civ. P. 44). 

 Standing is a component of subject matter jurisdiction. Texas Ass'n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Because the parents lack standing, this Court
necessarily lacks subject matter jurisdiction. See id. Because this Court lacks subject matter
jurisdiction, we have no authority other than to dismiss this appeal. (3)

CONCLUSION

 Having determined the appointment of the guardian ad litem to be proper, we hold
that the parents lack standing and dismiss the appeal for lack of subject matter jurisdiction.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Dismissed for Lack of Subject-Matter Jurisdiction

Filed: December 19, 2002

Do Not Publish
1. Raul and Mary Rodriguez are the biological grandparents of Mercedes, but they have
legally adopted her, so we will refer to them as her parents. 
2. In their brief, the parents argue that because the trial court directed a verdict against Raul's
loss of consortium claims, he no longer had a conflict of interest, real or potential, which would
prohibit him from taking over as Mercedes's next friend. However, the parents do not direct our
attention to a place in the record where they requested that the court appoint Raul as Mercedes's next
friend or where pleadings were amended to reflect Raul acting as the next friend. The only reference
to Raul as next friend is in the parents' post-trial motion where the motion is filed by "Mercedes
Rodriguez, by her next friend Mary Rodriguez (alternatively Raul Rodriguez) and Mary Rodriguez,
individually and Raul Rodriguez, individually." This motion was filed on November 7, 2001, almost
two months after the trial ended. Furthermore, in the post-trial motion, both Mary and Raul were
still asserting individual claims for loss of consortium. Therefore, this issue is not properly before
us on appeal. See Tex. R. App. P. 33.1. 
3. The parents are also asking this Court to modify the trial court's judgment to award pre-majority medical expenses to the parents. They argue that the right to recover incurred medical
expenses is a cause of action belonging to the parents, unless such costs are a liability to the minor's
estate. Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983). We agree that the right to recover pre-majority medical expenses is the parents' cause of action. However, in this case, the parents made
a clear decision to file a claim only for loss of consortium. In every petition filed by the parents,
individually and as next friend, the only claim asserted by the parents was for loss of consortium. 
Not only did the parents fail to plead pre-majority medical expenses, they also failed to submit a jury
question allocating pre-majority medical expenses to them; therefore, even if this appeal were
properly before us, the issue was waived. Tex. R. App. P. 33.1. All claims filed on behalf of
Mercedes were settled before the jury verdict. That settlement necessarily incorporated all medical
expenses incurred and to be incurred by Mercedes. The record does not reflect what portion of the
$925,000 settlement was allocated to pre-majority medical expenses. Even if we could determine
pre-majority medical expenses, we cannot reform a settlement agreement. The only thing this Court
can review on behalf of Mary and Raul is the award of zero for Mary's past loss of consortium. 
However, that issue is not before this Court.