**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed January 10, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00720-CV

### IN RE MELISSA BLASSINGAME BROOKS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-45471**

## MEMORANDUM OPINION

On October 10, 2022, relator Melissa Blassingame Brooks filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Ursula Hall, presiding judge of the 165th District Court of Harris County, to vacate her order denying relator's motion to transfer venue and sign an order transferring the case to Howard County. For the reasons discussed below, we conditionally grant the petition.

## BACKGROUND

The underlying trial court proceeding centers on oil and gas leases on real property in Howard County. Brooks owned mineral interests associated with the property, and real party in interest Surge Operating LLC ("Surge") operates leases on the property. According to Brooks, she owned mineral interests in the E/2 of Section 28, Block 32, T-2-N, T&P Ry. Co. Survey, Howard County. Brooks executed two oil and gas leases relating to the property: (1) a May 27, 2015 Oil, Gas and Mineral Lease in the SE/4 of Section 28, (the "SE/4 Lease") and a March 27, 2014 Oil, Gas and Mineral Lease in the NE/4 of Section 28 (the "NE/4 Lease"). In connection with the leases, Surge prepared a series of Division Orders, which Brooks executed. At least some of the Division Orders were both prepared in Harris County and returned by Brooks to Harris County.

On July 27, 2021, Surge filed suit against Brooks in Harris County, asserting claims for money had and received and breach of contract. Surge's live pleading is its first amended petition, filed September 1, 2021. According to Surge's pleading, it discovered in early 2020 that it had overpaid Brooks several hundred thousand dollars due to what it describes as a "clerical error." Specifically, Surge contends that a "Division Order Analyst copied a mineral decimal ownership interest ('DOI') for Brooks from the NE/4 oil and gas lease and used the NE/4 DOI in the Brooks royalty payment calculation for the interest granted by the SE/4 oil and gas lease where Brooks had a much smaller DOI." According to Surge, Brooks's undivided mineral ownership interest in the NE/4 is greater than her undivided mineral ownership interest in the SE/4, but Surge incorrectly calculated her ownership interest in the SE/4 as though it was equal to the NE/4. Based on updated title opinions and an analysis of prior period adjustments, Surge says it discovered that it

2

had miscalculated the amount of Brooks's total mineral interests, which resulted in an overpayment of $515,643.26 to Brooks for the October 2017 to November 2019 time period. Surge further contends that language in the Division Orders entitles it to return of the overpayment, specifically Brooks's promises to "reimburse [Surge] for payments made if [Brooks] does not have merchantable title to the production sold," and to "reimburse [Surge] any amount attributable to an interest to which [Brooks] is not entitled." After Surge unsuccessfully demanded a return of the alleged overpayment from Brooks, Surge recouped a portion of it from royalties that would otherwise have been paid to Brooks, though almost $400,000 remained outstanding as of the date Surge filed its amended pleading.

On October 8, 2021, Brooks filed a "Motion to Transfer Venue and Original Answer and Counterclaims Subject Thereto." In her motion to transfer venue, she requested that the lawsuit be transferred to Howard County, contending both that the case was subject to the mandatory venue provision of Texas Civil Practice and Remedies Code section 15.011 and that venue could not justifiably be found in Harris County under the general venue statute of Texas Civil Practice and Remedies Code section 15.002. Regarding her mandatory venue argument, Brooks alleged that the underlying oil and gas leases had terminated by the time production associated with them had begun, and that the production of minerals from them was therefore wrongful. Brooks alleged she is entitled to compensation attributable to all production connected to the allegedly terminated leases, and that in the event the leases had actually continued beyond when she alleged they terminated, she is entitled to royalties on that production. As for the alleged royalty overpayment, Brooks denied she has been overpaid royalties, and moreover contended Surge owes her additional payments in the event the subject oil and gas leases had terminated.

3

Subject to her motion to transfer venue, Brooks asserted counterclaims against Surge for trespass to try title, to quiet title, conversion, money had and received, and a statutory counterclaim pursuant to Texas Natural Resources Code section 91.402.[1] After Brooks amended her motion to transfer venue on October 20, 2021, the trial court denied the motion in an order signed August 13, 2022. This mandamus proceeding followed.

## MANDAMUS STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re YRC Inc.*, 646 S.W.3d 805, 808 (Tex. 2022) (orig. proceeding) (per curiam). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to guiding principles. *McGough ex rel. Wonzer v. First Court of Appeals*, 842 S.W.2d 637, 640 (Tex. 1992) (per curiam).

Section 15.0642 of the Texas Civil Practice and Remedies Code provides that mandamus relief is the proper remedy to enforce a mandatory venue provision. *See* Tex. Civ. Prac. & Rem. Code § 15.0642. Courts have consistently interpreted this statute to mean that the inadequacy of an appellate remedy is not a prerequisite to mandamus relief. *See In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215-16 (Tex. 1999) (orig. proceeding); *see also In re Lopez*, 372 S.W.3d 174, 177 (Tex. 2012) (orig. proceeding) (per curiam); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding) (per curiam).

---

[1] The statute under which Brooks raised her final counterclaim provides time requirements for payors under oil and gas leases to compensate the payees for oil and gas production. *See generally* Tex. Nat. Res. Code § 91.402.

4

Brooks raises two issues in her petition for a writ of mandamus. First, she contends venue for this dispute is mandatory in Howard County under Texas Civil Practice and Remedies Code section 15.011, a mandatory venue statute. Second, she contends the connection this dispute has to Harris County is so tenuous, venue was not proper there in the first place even under Texas's general venue statute, Texas Civil Practice and Remedies Code section 15.002. Our disposition of relator's first issue makes it unnecessary to consider her second.

Section 15.011 states that "[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located." Tex. Civ. Prac. & Rem. Code Ann. § 15.011. This is a mandatory venue statute. *See Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001). Accordingly, if this lawsuit is subject to the statute, the trial court was required to transfer the proceeding to Howard County, where the property is located, and the trial court would have erred by refusing to do so. *See Wichita Cnty., Tex. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996).

To show venue is mandatory in a particular county pursuant to section 15.011, a party must prove two venue facts: (1) the nature of the lawsuit fits within the categories listed in section 15.011; and (2) all or part of the property at issue is located in the county alleged to have mandatory venue. *In re Harding*, 563 S.W.3d 366, 370-71 (Tex. App.—Texarkana 2018, orig. proceeding). The parties do not dispute that the property is located in Howard County, but they disagree on whether the first fact exists. We look at the "essence" of the parties' dispute, rather than

5

how causes of action are described by the parties. *See In re Signorelli Co., Inc.*, 446 S.W.3d 470, 474 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citations omitted). The essence of the lawsuit "depends on the facts alleged in the petition, the rights asserted, and the relief sought." *In re Hardwick*, 426 S.W.3d 151, 162 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). An examination of a lawsuit's essence can include filings provided by the movant seeking to justify transfer under a mandatory venue statute. *See* Tex. R. Civ. P. 87(3)(c).

We begin with an examination of Surge's live pleading. According to Surge's allegations, Surge paid Brooks royalties from 2017 to 2019 based on its calculation of Brooks's mineral interests, but it discovered in 2020 that Brooks's actual interests were less than Surge initially calculated. Surge demanded repayment based on the difference, and it engaged in self-help to recoup at least part of what it was claimed to be owed.

For her part, Brooks argues that Surge's initial calculation of her mineral interests was correct. Brooks has supported this contention with what she asserted were true and correct copies of Division Orders enumerating royalty interests she asserts she had in the Howard County properties. Now, Surge claims that Brooks owns less than the amounts reflected by the Division Orders. Moreover, Brooks contends she is entitled to payment based on full production rather than merely royalties due to Surge's ostensibly wrongful production pursuant to terminated leases.

Brooks cites cases such as *Renwar Oil Corp. v. Lancaster*, 276 S.W.2d 774, 776 (Tex. 1955); *In re Freestone*, 429 S.W.3d 110, 114-115 (Tex. App.—Texarkana 2014, orig. proceeding); and *Madera Production Co. v. Atlantic Richfield Co.*, 107 S.W.3d 652, 659 (Tex. App.—Texarkana 2003, pet. denied in part and dism'd in

part).   In *Renwar*, the Supreme Court held that the then-applicable mandatory venue statute—effectively the closest equivalent to section 15.011—applied to a case involving a dispute over "the amount of royalty due" based on the location of the leased property boundaries and whether "certain unitization agreements are void and ineffective as to" particular parties.   *Renwar Oil Corp.*, 276 S.W.2d at 776.   In *Madera*, the court of appeals could not find in the plaintiff's favor without determining ownership of the underlying mineral interests.   *Madera Prod. Co.*, 107 S.W.3d at 659.

Based on these cases, Brooks argues that whether Surge is entitled to recovery depends on the amount of mineral interests Brooks owns.   Her position finds support in Surge's amended petition, in which Surge has alleged that Brooks lacks "merchantable title," that Surge is entitled to reimbursement of amounts "attributable to an interest to which [Brooks] is not entitled," and that Brooks was paid for production as to an "interest she did not own."

Surge relies on the Texas Supreme Court's decision in *Yzaguirre v. KCS Resources, Inc.*   In that case, the Court analyzed the merits of a dispute on "the correct measure [of price] under [an oil and gas lease]."   53 S.W.3d at 369-70.   In assessing whether a prior version of section 15.011 applied,[2] however, the Court acknowledged the parties "do not dispute ownership of the [underlying] royalty interest or the extent of those interest," and consequently, the then-effective version of section 15.011 did not require the case to be heard in the county where the property at issue was located.   *Id.* at 371.

---

[2] The prior version of Section 15.011 did not include actions for recovery of damages to real property.   *Id.* at 371 & n.1 (citation omitted).   This difference does not affect the outcome of the present case.

The present case is distinguishable from *Yzaguirre*; the parties' dispute hinges on the extent of Brooks's mineral ownership interest in the Howard County property, as well as whether Surge's payments to Brooks should have been based on full production rather than merely a royalty interest. *Compare id.* (indicating that section 15.011 did not apply to the parties' dispute partly because the parties "do not dispute . . . the extent of [royalty interests]" or "the percentage of the [r]oyalty [o]wners' royalties"), *with Renwar Oil Corp.*, 276 S.W.2d at 776 (holding that the mandatory venue statute applied to case involving dispute over "the amount of royalty due" based on the boundaries of leased lands and whether "certain unitization agreements are void and ineffective"), *and Madera Prod. Co.*, 107 S.W.3d at 659-60 (claimant based its claims to damages on the ownership rights in a mineral lease, which involves real property interests; thus, suit must be filed in county where property is located).

We agree with Brooks and conclude that the essence of Surge's claims makes Howard County the mandatory venue for their resolution under section 15.011. Surge's entitlement to recovery turns on the extent to which Brooks owns mineral interests in the Howard County property. Thus, section 15.011 applies.

In an alternative argument, Surge claims Brooks waived her mandatory venue objection because she filed her counterclaims in Harris County. We disagree because Brooks followed the due order of pleading. Under Texas Rule of Civil Procedure 86, a party's objections to improper venue are waived "if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." Tex. R. Civ. P. 86. Brooks filed her counterclaims "[s]ubject to her [m]otion to [t]ransfer [v]enue." We do not find any inconsistency in Brooks objecting to venue pursuant to Section

8

15.011 over Surge's claims in Harris County while, in the same document containing her venue objections, she advanced related counterclaims and asserted they should be heard in Howard County along with Surge's claims pursuant to Section 15.011. *See Carlile v. RLS Legal Sols., Inc.*, 138 S.W.3d 403, 408 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding a party waived its venue objections when it "acted inconsistently with his objections to venue" when he first asked the trial court to rule on objected-to claims' merits); *see also Abshire v. Pannell*, No. 01-19-00710-CV, 2020 WL 3820912, at *5 (Tex. App.—Houston [1st Dist.] July 7, 2020, pet. denied) (mem. op.) (holding a party did not act inconsistently with its personal-jurisdiction-challenging special appearance when it simultaneously sought a severance of particular claims, as the party "requested a severance of their claims after the trial court sustained their special appearance") (emphasis omitted).

For the reasons discussed above, we conclude the trial court clearly abused its discretion when it denied Brooks's motion to transfer the case to Howard County. Accordingly, Brooks is entitled to mandamus relief. *See* Tex. Civ. Prac. & Rem. Code § 15.0642; *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 215-16. We express no opinion on the merits of Brooks's second issue, in which she contends that venue is improper in Harris County under the general venue statute, section 15.002.

## CONCLUSION

We hold that the trial court abused its discretion by denying Brooks's motion to transfer venue and failing to transfer the case to Howard County. We conditionally grant the petition and direct the trial court to sign an order (1) vacating the portions of its August 13, 2022 order denying Brooks's motion to transfer venue and (2) granting the motion to transfer venue and transferring the lawsuit to Howard

9

County. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to comply.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.