

## NUMBER 13-11-00290-CV

## COURT OF APPEALS

## THIRTEEN DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**IN RE DAVID LOPEZ SR., INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF SAN JUANA LOPEZ, DECEASED, CLAUDIA GRIFALDO, CLARO LOPEZ, DALIA LOPEZ, RAUL LOPEZ, EDUARDO LOPEZ, ROLANDO LOPEZ, AND DAVID LOPEZ JR.**

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Memorandum Opinion Per Curiam[1]

David Lopez Sr., individually and as representative for the estate of San Juana Lopez, deceased, Claudia Grifaldo, Claro Lopez, Dalia Lopez, Raul Lopez, Eduardo Lopez, Rolando Lopez, and David Lopez Jr., filed a petition for writ of mandamus in the above cause on May 5, 2011, seeking relief from an order denying a transfer of venue

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

from Victoria County, Texas, to Travis County, Texas. The Court requested and received a response to the petition for writ of mandamus from the real party in interest, Regency Nursing Center Partners of Yoakum, Ltd., and further received a reply to the response from relators.[2]

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). However, where a party seeks to enforce a mandatory venue provision a party is required only to show that the trial court abused its discretion by failing to transfer the case and is not required to prove that it lacks an adequate appellate remedy. *In re Tex. Dept. of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). Nevertheless, appellate courts may not deal with disputed areas of fact in a mandamus proceeding. *In re Pirelli Tire*, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response to the petition, and the reply thereto, under the applicable standard of review, is of the opinion that relators have not shown themselves entitled to

---

[2] The "Unopposed Motion for Extension of Time to File Response to Petition for Writ of Mandamus," filed by Yoakum on May 18, 2011, is herein GRANTED.

the relief sought.  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX.

R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
31st day of May, 2011.