In re David LOPEZ, Sr., Individually and as Representative for the Estate of San Juana Lopez, Deceased, Claudia Grifaldo, Claro Lopez, Dalia Lopez, Raul Lopez, Eduardo Lopez, Rolando Lopez, David Lopez, Jr.

No. 11–0434.

Supreme Court of Texas.

June 8, 2012.

Rehearing Denied Aug. 17, 2012.

Michael D. Maloney, Gavin H. McInnis, Law Offices of Pat Maloney, P.C., San Antonio, TX, for David Lopez, Sr.

James W. Cole, William L. Sciba III, Cole, Cole & Easley, P.C., Victoria, TX, for Regency Nursing Center.

## PER CURIAM.

In this original proceeding, we are asked to decide whether section 171.096(b) or 171.096(c) of the Texas Civil Practice and Remedies Code applies when an arbitration hearing has been held in a different county from the one agreed to in a written contract. Section 171.096(b) states that if an arbitration agreement "provides that the hearing before the arbitrators is to be held in a county in this state, a party must file the initial application [to vacate the arbitration award] with the clerk of the court of that county." Tex. Civ. Prac. & Rem.Code § 171.096(b). Section 171.096(c) mandates that "[i]f a hearing before the arbitrators has been held, a party must file the initial application [to vacate the arbitration award] with the clerk of the court of the county in which the hearing was held." Id. § 171.096(c). The parties had an agreement specifying that arbitration was to take place in Victoria County, but instead had an arbitration hearing in Travis County. When Regency Nursing Center Partners of Yoakum, Ltd. ("Yoakum"), one of the parties to the agreement, filed an application in Victoria County to vacate the arbitration award, David Lopez, Sr.,

individually and as a representative for the estate of San Juana Lopez, deceased, Claudia Grifaldo, Claro Lopez, Dalia Lopez, Raul Lopez, Eduardo Lopez, Rolando Lopez, and David Lopez, Jr. (collectively "the Lopezes"), the other party, filed a motion to transfer venue to Travis County based on section 171.096(c). Yoakum filed a response stating that venue was proper in Victoria County pursuant to section 171.096(b). The trial court denied the Lopezes' motion, and the court of appeals also denied relief. 366 S.W.3d 212. We conclude that the trial court clearly abused its discretion by applying section 171.096(b) instead of 171.096(c) since an arbitration hearing had already been held. Therefore, we conditionally grant relief without hearing oral argument, pursuant to Texas Rule of Appellate Procedure 59.1.

The Lopezes entered into a written agreement with Yoakum for admission of San Juana Lopez to Yoakum's nursing home. This agreement contained an arbitration clause providing that "[t]he arbitration hearing and all related proceedings shall be conducted in Victoria County, Texas, unless otherwise agreed." The Lopezes submitted a demand for arbitration of survival and wrongful death claims for negligent care by Yoakum to the American Arbitration Association, indicating Victoria County to be the location for the hearing. However, through email, the parties instead agreed to a specific arbitrator located in Travis County. Although the arbitration agreement was never explicitly modified, the arbitration took place in Travis County, with a ruling in the Lopezes' favor.

Yoakum filed an application in Victoria County to vacate the arbitration award, arguing that it had been denied its opportunity to be heard, as the arbitrator was sleeping during the presentation of the evidence. The Lopezes filed a motion to

transfer venue to Travis County, arguing that it was the mandatory venue under section 171.096(c) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code § 171.096(c) ("If a hearing before the arbitrators has been held, a party must file the initial application [to vacate the arbitration award] with the clerk of the court of the county in which the hearing was held."). Yoakum filed a response, asserting that venue was mandatory in Victoria County under section 171.096(b). *See id.* § 171.096(b) ("If the agreement to arbitrate provides that the hearing before the arbitrators is to be held in a county in this state, a party must file the initial application [to vacate the arbitration award] with the clerk of the court of that county."). The trial court denied the Lopezes' motion to transfer venue. The court of appeals denied mandamus relief in a brief memorandum opinion. 366 S.W.3d 212.

■ The Lopezes argue that, because the arbitration hearing has already taken place, section 171.096(c) is the applicable venue provision and that the trial court clearly abused its discretion by failing to grant the motion to transfer venue to Travis County. The Lopezes contend that subsection (b) only applies when there is an agreement to arbitrate in a particular county and no arbitration hearing has yet taken place. Yoakum responds by arguing that section 171.096(b) requires venue be in Victoria County, because the parties had an agreement to arbitrate there. Yoakum claims that subsection (b) applies when an arbitration agreement fixes venue, and subsection (c) applies only when an agreement does not specify a venue. We agree with the Lopezes and conclude that when an arbitration hearing has already been held, venue is determined by section 171.096(c), which mandates venue be in the same county where the arbitration hearing was held.

■ In construing a statute, this Court's "objective is to determine and give effect to the Legislature's intent." *In re M.N.,* 262 S.W.3d 799, 802 (Tex.2008); Tex. Gov't Code § 312.005. The Legislature's choice of language in subsection (c), "has been held," indicates that this provision applies when an arbitration hearing has already taken place. The language in subsection (b), "is to be held," indicates that this provision applies when the parties have an agreement and an arbitration hearing has not yet taken place. Section 171.096(c) expresses the Legislature's intent that proceedings arising out of arbitration begin in the same county where the arbitration took place. This does not undermine or conflict with the Legislature's expressed intent in section 171.096(b) to allow parties to contract for venue, as it does not interfere with the ability to agree to venue provisions. In this case, the parties themselves chose to disregard their previous contractual agreement. By applying subsection (b), the trial court clearly abused its discretion. *See In re Mo. Pac. R.R. Co.,* 998 S.W.2d 212, 216 (Tex.1999) (orig.proceeding) (stating that a trial court has no discretion to make erroneous legal conclusions, even in unsettled areas of law).

■ Mandamus relief is the proper remedy to enforce a mandatory venue provision when the trial court has denied a motion to transfer venue. *In re Cont'l Airlines, Inc.,* 988 S.W.2d 733, 735 (Tex. 1998) (orig.proceeding); Tex. Civ. Prac. & Rem.Code § 15.0642. Ordinarily, mandamus relief is proper when the trial court has abused its discretion and a party has no appellate remedy. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding). However, where a party seeks to enforce a mandato-

ry venue provision a party is only required to show that the trial court clearly abused its discretion by failing to transfer the case and is not required to prove that it lacks an adequate appellate remedy. *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex.2006) (orig.proceeding); *In re Mo. Pac.*, 998 S.W.2d at 216; *In re Cont'l Airlines*, 988 S.W.2d at 735.

Section 171.096(c) is a mandatory venue provision, as it says that a party "must" file the initial application in the county where the arbitration hearing was held. TEX. CIV. PRAC. & REM.CODE § 171.096(c); *see Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001) (recognizing the word "must" as "mandatory, creating a duty or obligation"). Since section 171.096(c) is a mandatory venue provision, the Lopezes are not required to prove that they have no adequate appellate remedy in order to obtain mandamus relief. *See In re Applied Chem. Magnesias*, 206 S.W.3d at 117; *In re Mo. Pac.*, 998 S.W.2d at 216; *In re Cont'l Airlines*, 988 S.W.2d at 735.

We hold that the trial court abused its discretion by incorrectly applying section 171.096(b) instead of section 171.096(c) since the arbitration hearing had already been held. Accordingly, we conditionally grant mandamus relief directing the trial court (1) to vacate the April 1, 2011 order and (2) to grant the Lopezes' motion to transfer venue. A writ will issue only if the trial court fails to comply.