

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00049-CV

IN RE CONNIE SUE BRENNERS

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Connie Sue Brenners has petitioned this Court for mandamus relief. She asks that this Court compel the Judge of the Bowie County Court at Law to "release the pending case . . . and Order [the trial court ] to release the case and send it to one of the District Courts located within the courthouse and located in the same county." We deny Brenners' requested relief.

To be entitled to mandamus relief, the relator must show (1) that she has no adequate remedy by appeal and (2) that the trial court clearly abused its discretion. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish her right to mandamus relief. *In re Shugart*, 528 S.W.3d 794, 795–96 (Tex. App.—Texarkana 2017, orig. proceeding) (*citing Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); TEX. R. APP. P. 52.3). "Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.")).

Brenners has provided this Court with the trial court's order denying her request to transfer her case to a district court. However, she has provided nothing to suggest the trial court abused its discretion in denying her request for a transfer. *Cf. In re Lopez* 372 S.W.3d 174, 176–77 (Tex.

2

2012) (orig. proceeding) (holding that trial court abused its discretion by denying transfer where mandatory venue statute applied). She has shown no ministerial duty on the part of the trial court, much less any clear abuse of discretion.

We find Brenners has failed to demonstrate she is entitled to the extraordinary remedy of mandamus relief. This petition is without merit. We, therefore, deny her petition.

Ralph K. Burgess
Justice

Date Submitted: June 18, 2019
Date Decided: June 19, 2019