**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00209-CV**
_____

**IN RE KIRBYVILLE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, THOMAS WALLIS, CHAD GEORGE, JOEY DAVIS, CLINT SMITH, DUSTIN RUTHERFORD, STACIE RUTHERFORD, WILLIAM THOMAS BROCKMAN, DEBRA BROCKMAN, AMY BROCKMAN FOUNTAIN, MARCIA MORGAN, AND GEORGIA SAYERS, Relators**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-203,433**

**MEMORANDUM OPINION**

Kirbyville Consolidated Independent School District, Thomas Wallis, Chad George, Joey Davis, Clint Smith, Dustin Rutherford, Stacie Rutherford, William Thomas Brockman, Debra Brockman, Amy Brockman Fountain, Marcia Morgan, and Georgia Sayers (collectively "Kirbyville"), filed a mandamus petition seeking a writ to compel the trial court to (1) vacate an order denying a motion to transfer

venue, (2) vacate an order granting a continuance of a plea to the jurisdiction to allow for discovery, and (3) transfer the case to Jasper County.

Dennis Reeves, a high school principal, took his own life allegedly following a confrontation with the superintendent regarding allegations that Reeves had engaged in inappropriate behavior with a subordinate employee. On February 28, 2019, Tammy Reeves, Individually and on behalf of the Estate of Dennis Reeves and as next friend of Dylan Reeves, and Austin Reeves, Joyce Jones, and Jimmy Jones (collectively "Reeves"), sued Kirbyville, Bryan Independent School District, and Region 5 Education Service Center for the wrongful death of Dennis Reeves. In the petition, Reeves alleged "jurisdiction and venue is proper in this Honorable Court as a substantial part of the transactions or occurrences that give rise to this lawsuit occurred in the county of suit and/or one or more defendants are resident citizens of the county of suit." Only Region 5 Education Center is allegedly located in Jefferson County.

Kirbyville filed a motion to transfer venue to Jasper County alleging that venue is mandatory in Jasper County because an action against a political subdivision that is in a county with a population of 100,000 or less must be brought in the county in which the political subdivision is located. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.0151 (West 2017); *see also* Tex. R. Civ. P. 86(1). Kirbyville

2

further argued that venue also lies in Jasper County because all or a substantial part of the events or omissions giving rise to the claims occurred in Jasper County, not Jefferson County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2017). In an affidavit attached to the motion to transfer, Thomas Wallis averred on his personal knowledge that Jasper County, Texas, has a population of fewer than 100,000 residents. Wallis swore that Reeves's principal duties were performed in Jasper County and his death occurred there as well. He listed the specific events that transpired in Jasper County and named the parties residing there.

In response to the motion to transfer venue, Reeves recognized that Kirbyville Consolidated Independent School District fits with the parameters of the mandatory venue provision of section 15.0151, but argued that pursuant to section 15.005 of the Texas Civil Practice and Remedies Code, venue as to all defendants was established by suing Region 5, a Jefferson County resident, because "[i]n a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences." *See id.* §§ 15.005 (West 2017), 15.0151. Additionally, Reeves alleged a fair and impartial trial could not be obtained in Jasper County. Reeves cited Rules 257 through 259 to support retaining venue in Jefferson County, not to transfer venue as provided by those rules. *See generally*

3

Tex. R. Civ. P. 257–259. Reeves did not submit an affidavit in support of their venue allegations. *See* Tex. R. Civ. P. 257.

On the day of the hearing on the motion to transfer venue, Reeves filed a supplemental response urging for the first time that venue was proper in Jefferson County under the Texas Tort Claims Act. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 101.102(a) (West 2019) ("A suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises."). Reeves failed to describe any act or occurrence that is alleged to have occurred in Jefferson County. The record does not reflect that the trial court granted leave for Reeves to file a late response. *See* Tex. R. Civ. P. 87.1 ("Except on leave of court, any response or opposing affidavits shall be filed at least 30 days prior to the hearing of the motion to transfer."). The trial court denied Kirbyville's motion to transfer venue.

Kirbyville's motion to transfer venue satisfied the procedural prerequisites under the Rules of Civil Procedure and the venue statute. *See* Tex. R. Civ. P. 86–87. Kirbyville filed the motion with its original answer. *See* Tex. R. Civ. P. 85; 86(1). The motion stated that the case should be transferred because Jefferson County is not a county of proper venue and Jasper County is a county of mandatory venue. Tex. R. Civ. P. 86(3). Wallis provided a supporting affidavit made on his personal

4

knowledge and identifying specific facts that were readily controvertible. Tex. R. Civ. P. 87(2)(a), (3). Reeves failed to make proof that venue is maintainable in Jefferson County by pleading venue facts establishing Jefferson County as a county of mandatory venue and supplying a supporting affidavit addressing the venue facts denied by Kirbyville. Tex. R. Civ. P. 87(2)(a), (3). Reeves failed to make a prima facie case to support their allegations of venue under the Tort Claims Act by providing an affidavit describing an essential act or fact giving rise to personal injury that took place in Jefferson County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.102.

The failure of the other defendants to challenge venue did not impair Kirbyville's right to challenge venue. *See id.* § 15.0641 (West 2017). Kirbyville proved that venue is proper in Jasper County under a mandatory venue provision. *See* Tex. R. Civ. P. 87(2); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.0151. The mandatory venue provision governed all the claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.004 (West 2017). Because a county of proper venue is the venue required by a statute providing mandatory venue, establishing permissive venue as to Region 5 Education Center did not establish Jefferson County as a county of proper venue. *Id.* § 15.001(b) (West 2017).

5

The trial court clearly abused its discretion by denying the motion to transfer venue to Jasper County. Therefore, mandamus relief is available to enforce the mandatory venue statute. *See In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (West 2017). Because we find the trial court abused its discretion by denying the motion to transfer, we do not reach the issue complaining that the trial court abused its discretion by granting a continuance of the hearing on the plea to the jurisdiction.

Furthermore, while the trial court ruled on the motion to transfer venue, the trial court did not rule on the plea to the jurisdiction of Kirbyville. Instead, by order of the same date, the trial court continued the hearing on the plea to the jurisdiction for a period of 90 days to allow discovery. Generally, when a plea raises jurisdictional issues, "[t]he trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A trial court abuses its discretion when it subjects a governmental unit to pre-trial discovery and the costs incident to litigation without ruling on a plea to the jurisdiction. *City of Galveston v. Gray*, 93 S.W.3d 587, 591–92 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). The trial court's refusal to rule on the plea to the jurisdiction deprives the governmental unit of its

6

substantial right to an accelerated appeal. *Id.* at 592. Here, Kirbyville asserts that Plaintiffs have failed to plead a statutory waiver of immunity. Because we conclude the trial court abused its discretion by refusing to transfer the case to a county of mandatory venue, we direct the trial court to vacate its order of continuance of the same date in deference to the transferee court to allow that trial court to consider the plea to the jurisdiction at its earliest opportunity upon transfer of the case.

We lift our stay order of July 2, 2019, and conditionally grant the petition for writ of mandamus. We are confident the trial court will vacate its orders of June 18, 2019, which granted a continuance and denied the motion to transfer venue, and promptly transfer venue of this matter to Jasper County, Texas. The writ will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on July 12, 2019
Opinion Delivered August 8, 2019

Before Kreger, Horton and Johnson, JJ.

7