ACCEPTED
15-25-00088-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 3:24 PM
CHRISTOPHER A. PRINE
CLERK

No. _____

## In the Fifteenth Court of Appeals
## Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 3:24:55 PM
CHRISTOPHER A. PRINE
Clerk

# In re ASTRAZENECA PHARMACEUTICALS LP,
## Relator.

Original Proceeding from the 71st District Court
Harrison County, Texas, Trial Court Cause No. 22-0426,
Honorable Brad Morin, Presiding

## PETITION FOR WRIT OF MANDAMUS

SCOTT DOUGLASS & McCONNICO LLP
   Stephen E. McConnico
   State Bar No. 13450300
   smcconicco@scottdoug.com
   Kennon L. Wooten
   State Bar No. 24046624
   kwooten@scottdoug.com
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
(512) 495-6399 (Fax)

MORGAN, LEWIS & BOCKIUS LLP
   William R. Peterson
   State Bar No. 24065901
   william.peterson@morganlewis.com
   Heidi Rasmussen
   State Bar No. 24090345
   heidi.rasmussen@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000
(713) 890-5001 (Fax)

GILLAM & SMITH LLP
   Melissa R. Smith
   State Bar No. 24001351
   melissa@gillamsmithlaw.com
303 S. Washington Ave.
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (Fax)

*Counsel for AstraZeneca Pharmaceuticals LP*

## IDENTITIES OF PARTIES AND COUNSEL

The following constitutes a list of all parties to the cause below and the names and addresses of all counsel:

| | |
|---|---|
| **Relator:** | AstraZeneca Pharmaceuticals LP |
| **Relator's Counsel:**<br>(At trial and on appeal) | William R. Peterson<br>Heidi Rasmussen<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>(713) 890-5000<br>william.peterson@morganlewis.com<br>heidi.rasmussen@morganlewis.com<br><br>Stephen E. McConnico<br>Kennon L. Wooten<br>SCOTT DOUGLASS & MCCONNICO LLP<br>303 Colorado Street, Suite 2400<br>Austin, Texas 78701<br>(512) 495-6300<br>smcconicco@scottdoug.com<br>kwooten@scottdoug.com<br><br>Melissa R. Smith<br>GILLAM & SMITH LLP<br>303 S. Washington Ave.<br>Marshall, Texas 75670<br>(903) 934-8450<br>melissa@gillamsmithlaw.com |
| (At trial) | MORGAN, LEWIS & BOCKIUS LLP<br>Scott McBride<br>John C. Dodds, admitted pro hac vice<br>Ryan P. McCarthy, admitted pro hac vice<br>Erica A. Jaffe, admitted pro hac vice |

| | |
|---|---|
| **Respondent:** | The Honorable Brad Morin<br>Harrison County Courthouse<br>200 West Houston St., Suite 219<br>Marshall, Texas 75670 |
| **Real Parties in Interest:** | SCEF, LLC and Lynne Levin-Guzman |
| **Counsel for Real Parties:**<br>(At trial and on appeal) | Samuel F. Baxter<br>Jennifer L. Truelove<br>MCKOOL SMITH P.C.<br>104 East Houston Street, Suite 300<br>Marshall, Texas 75670<br>(903) 923-9099<br>sbaxter@mckoolsmith.com<br>jtruelove@mckoolsmith.com<br><br>W. Mark Lanier<br>Alex Brown<br>Zeke DeRose III<br>Jonathan Wilkerson<br>THE LANIER FIRM<br>10940 W. Sam Houston Pkwy. N., Suite 100<br>Houston, TX 77064<br>(800) 723-3216<br>WML@LanierLawFirm.com<br>Alex.Brown@LanierLawFirm.com<br>Zeke.DeRose@LanierLawFirm.com<br>Jonathan.Wilkerson@LanierLawFirm.com |
| **Real Party in Interest:** | State of Texas |
| **Counsel for Real Party:**<br>(At trial and on appeal) | Jonathan D. Bonilla<br>Lynne Kurtz-Citrin<br>Cynthia Lu<br>Office of the Attorney General<br>Civil Medicaid Fraud Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 475-4196<br>Jonathan.Bonilla@oag.texas.gov |

# TABLE OF CONTENTS

Identities of Parties and Counsel....................................................................................i

Table of Contents ..................................................................................................... iii

Index of Authorities ...................................................................................................v

Statement of the Case.................................................................................................vi

Statement of Jurisdiction........................................................................................ vii

Statement Regarding Oral Argument .................................................................. viii

Issue Presented...........................................................................................................1

Mandamus Record and Appendix.............................................................................2

Statement of Facts......................................................................................................3

Standard......................................................................................................................8

Argument....................................................................................................................9

I.      The Trial Court Abused Its Discretion in Denying the Motion to
        Transfer Venue. ...............................................................................................9

        A.      SCEF Bears the Burden of Establishing Venue in Harrison
                County. ................................................................................................10

        B.      SCEF Failed to Satisfy Its Burden. ...................................................10

                1.      The allegation that "sales and marketing reps targeted
                        providers" in Harrison County fails.........................................11

                2.      SCEF's website theory fails under *In re Sanofi-Aventis*. .........11

                3.      SCEF's brochure theory fails for the same reason its
                        website theory fails under *In re Sanofi-Aventis*........................13

II.     Mandamus is Warranted Because AstraZeneca Seeks Enforcement
        of a Mandatory Venue Provision.................................................................15

III. This Court Need Not Remand for Venue Discovery. ...................................15

Conclusion & Prayer for Relief ....................................................................16

Rule 52.3(j) Certification ..............................................................................17

Certificate of Compliance .............................................................................17

Certificate of Service ....................................................................................18

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*In re Sanofi-Aventis U.S. LLC*, --- S.W.3d ---, 2025 WL 920111
(Tex. App.—15th Dist. Mar. 27, 2025) (orig. proceeding) ........................*passim*

*State of Texas ex rel. APBQR, LLC v. Sanofi-Aventis U.S., LLC*,
No. 23-0698 (71st Tex. Dist., Harrison Cnty.) .....................................................3

*State of Texas ex rel. Health Choice Advisory, LLC v. Shire PLC*,
No. 20-0415 (71st Tex. Dist., Harrison Cnty.) .....................................................3

*State of Texas ex rel. Health Choice Advocates, LLC v. Gilead Scis. Inc.*,
No. 20-0416 (71st Tex. Dist., Harrison Cnty.) .....................................................3

*State of Texas ex rel. Health Selection Grp., LLC v. Novartis AG*,
No. D-1-GN-20-02596 (53d Tex. Dist., Travis Cnty.) ..........................................3

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) ...............................................................................8

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 15.0642 ................................................................ vii

Tex. Govt. Code § 22.220 ...................................................................................... vii

Tex. Govt. Code § 22.221 ...................................................................................... vii

Tex. Hum. Res. Code § 36.052(d) ....................................................................*passim*

**RULES**

Tex. R. App. P. 39.1 ............................................................................................... viii

Tex. R. App. P. 52.3 ..................................................................................................2

Tex. R. App. P. 52.7 ..................................................................................................2

Tex. R. Civ. P. 87 ............................................................................................*passim*

## STATEMENT OF THE CASE

*Nature of the Case:*   Qui tam action by a private relator under the Texas Medicaid Fraud Prevention Act.[1]

*Respondent:*   Hon. Brad Morin, 71st Judicial District Court of Harrison County

*Action from Which Relator Seeks Relief:*   Respondent denied Relator's Motion to Transfer Venue pursuant to Texas Human Resources Code § 36.052(d) in an order signed on September 1, 2023. Appx, Tab A.

---

[1] The TMFPA is now known as the Texas Health Care Program Fraud Prevention Act. All citations in this petition are to the TMFPA, which governs Real Parties' claims.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this original proceeding under Sections 22.220 and 22.221 of the Texas Government Code.

Section 22.220(d)(1) gives this Court "exclusive intermediate appellate jurisdiction" over matters arising out of civil "matters brought by or against the state." This Court recently held that "a qui tam action qualifies as a suit by the State" and that this Court has "jurisdiction over [an] original proceeding" seeking to enforce the TMFPA's mandatory venue provision. *In re Sanofi-Aventis U.S. LLC*, --- S.W.3d ---, 2025 WL 920111 (Tex. App.—15th Dist. Mar. 27, 2025) (orig. proceeding).

This petition is timely because it is being filed more than 90 days before the trial in the qui tam action is set to begin. *See* Tex. Civ. Prac. & Rem. Code § 15.0642 ("A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter" "before the later of" either "(1) the 90th day before the trial starts; or (2) the 10th day after the date the party receives notice of the trial setting."). Trial is currently scheduled for December 2025. MR241.

**STATEMENT REGARDING ORAL ARGUMENT**

Because the dispositive issue in this original proceeding has been authoritatively decided by this Court in *In re Sanofi-Aventis*, 2025 WL 920111, oral argument is unnecessary. Tex. R. App. P. 39.1(b).

## ISSUE PRESENTED

Whether the trial court abused its discretion by denying the motion to transfer venue.

## MANDAMUS RECORD AND APPENDIX

Pursuant to Rule 52.7(a) of the Texas Rules of Appellate Procedure, Relator has prepared a Mandamus Record consisting of sworn copies of documents filed in the underlying proceeding that are material to its claim for relief as well as a properly authenticated transcript from the August 31, 2023 hearing addressing Relator's motion to transfer venue. The Mandamus Record will be cited as, "MR__."

Pursuant to Rule 52.3(k), Relator has attached the district court's order as an appendix to this petition.

## STATEMENT OF FACTS

This mandamus petition concerns a straightforward mandatory venue provision. Lawsuits under the TMFPA must be brought in either Travis County or in any county "in which any part of the unlawful act occurred." Tex. Hum. Res. Code § 36.052(d). For this reason, only a limited understanding of the underlying facts and allegations is necessary to address this petition.

Real Party SCEF, LLC is a New Jersey-based entity formed for the sole purpose of prosecuting qui tam litigation. MR083. After federal courts rejected SCEF's theory that pharmaceutical companies providing nurse education and reimbursement support services constituted unlawful kickbacks, SCEF and its affiliates turned to the state courts, including in Texas. *See, e.g., State of Texas ex rel. APBQR, LLC v. Sanofi-Aventis U.S., LLC*, No. 23-0698 (71st Tex. Dist., Harrison Cnty.); *State of Texas ex rel. Health Choice Advocates, LLC v. Gilead Scis. Inc.*, No. 20-0416 (71st Tex. Dist., Harrison Cnty.); *State of Texas ex rel. Health Choice Advisory, LLC v. Shire PLC*, No. 20-0415 (71st Tex. Dist., Harrison Cnty.); *State of Texas ex rel. Health Selection Grp., LLC v. Novartis AG*, No. D-1-GN-20-02596 (53d Tex. Dist., Travis Cnty.). Real Party Lynne Levin-Guzman is a resident of Los Angeles who was employed by nonparty InVentiv Health almost ten years ago as a cardiovascular nurse educator. MR083.

3

Real Parties (collectively, "SCEF") initiated this qui tam action on behalf of the State of Texas against AstraZeneca in Harrison County in 2022. MR003. They allege that AstraZeneca violated the TMFPA by providing (1) educational information via nurses, (2) nurses who support prescribers by providing training on disease care and answering patient questions, and (3) reimbursement support. MR080, MR091-125. The State of Texas declined to intervene. MR059.

The original petition included only a brief and conclusory assertion regarding venue:

> 24. Upon information and belief, venue is proper in Harrison County pursuant to the TMFPA. Tex. Hum. Res. Code Ann. § 36.052(d). A lawsuit filed under the TMFPA "shall be brought in Travis County or in a county in which any part of the unlawful act occurred." *Id.* Upon information and belief, venue is proper in Harrison County because Astra's unlawful acts occurred, in part, in Harrison County.

MR010.

After AstraZeneca moved to transfer venue, MR067, SCEF filed an amended petition, which contains an additional paragraph with venue allegations:

> 25. More specifically, using the unlawful marketing schemes detailed herein, Astra has targeted and continues to target providers based in Harrison County. This year alone, Astra sales and marketing reps targeted providers affiliated with the Diagnostic Clinic of Marshall, located at 300 N. Alamo Boulevard, Marshall, TX 75670, and B&D Healthcare Solutions, located at 310 N. Alamo Boulevard, Marshall, TX 75670, among other facilities.

MR084.

4

After SCEF filed an amended petition, AstraZeneca filed a renewed motion to transfer venue "specifically den[ying] that any of the alleged unlawful acts occurred in Harrison County" and seeking to transfer the case to Travis County. MR139-40. AstraZeneca explained that SCEF "simply do[es] not allege that the 'sales and marketing reps' committed any of the three allegedly unlawful acts while at either of the facilities." MR141. After SCEF served discovery requests, MR168-83, AstraZeneca filed a motion for a protective order. MR147.

SCEF filed an opposition and, in the alternative, a request to conduct venue-based discovery on August 1, 2023. MR158. SCEF argued that venue was proper in Harrison County because "through its sales and marketing reps," AstraZeneca "offered" nursing and support services to prescribers in Harrison County in violation of the TMFPA. MR160-61. It further asserted that AstraZeneca's public websites, which were accessible in the county, constituted "offers" to provide the services to "*all* U.S.-based Prescribers, including those in Harrison County." MR161 (emphasis in original). A hearing on AstraZeneca's motion was set for August 31. MR218.

Four business days before the hearing—on August 25—SCEF filed a "supplemental submission" in further support of its opposition to the motion to transfer venue. MR192. SCEF never sought nor obtained leave of court for this filing, which was untimely under Rule 87 of the Texas Rules of Civil Procedure.

5

Tex. R. Civ. P. 87(1) ("Except on leave of court, any response or opposing affidavits shall be filed at least 30 days prior to the hearing of the motion to transfer.").

The supplemental submission included a three-paragraph declaration from Kristin Burgess (the "Burgess Declaration"). The Burgess Declaration asserts:

> 2. On August 16, 2023, I visited a clinic located in Marshall, Texas. The clinic had brochures for Fasenra, a product manufactured by AstraZeneca Pharmaceuticals LP ("Astra"). A true and correct copy of one such brochure is attached hereto as Exhibit 1.
>
> 3. On its very first page, the Fasenra brochure has a QR code and an instruction to "[s]can the QR code to sign up for updates about your prescription approval status and savings information." Once scanned, the QR code links to Astra's myaccess360.com portal for Fasenra. A true and correct copy of the webpage of this portal is attached hereto as Exhibit 2.

MR198.[2]

During the hearing, MR218-40, AstraZeneca explained that SCEF failed to satisfy its burden of providing prima facie proof of venue facts. MR221-24. The Burgess Declaration was not properly before the district court because it was not "filed at least 30 days prior to the hearing of the motion to transfer." MR223. And Ms. Burgess did not identify the clinic from which she allegedly obtained the brochure, making it impossible to determine whether the clinic actually provided services to Medicaid patients. *See id.* (discussing "concierge clinic[s]").

---

[2] Ms. Burgess also provided an affidavit in support of real parties' opposition to the defendants' motion to transfer venue in the underlying proceedings in *In re Sanofi-Aventis*. *See In re Sanofi-Aventis*, 2025 WL 920111, at *4-5.

In response, SCEF relied heavily on its website theory of venue:

> In our answering papers, we identify their websites. All these websites talk about the services being offered to everybody, every prescriber in the [United S]tates, including Texas, including Harrison County. I didn't hear Mr. Gillam respond to that.
> These are standing offers they have to everybody in the United States, including Harrison County.

MR224.

The day after the hearing, the district court signed an order denying AstraZeneca's motion to transfer venue. Appx, Tab A.

AstraZeneca now respectfully seeks a writ of mandamus ordering the district court to transfer the case from Harrison County to Travis County, "the default venue" under the TMFPA. *In re Sanofi-Aventis*, 2025 WL 920111, at *4.

## STANDARD

"Ordinarily, a party seeking mandamus relief must establish that (1) the trial court abused its discretion and (2) there is no adequate remedy by appeal." *In re Sanofi-Aventis*, 2025 WL 920111, at *1 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "A party seeking to enforce a mandatory venue provision by mandamus, however, is not required to prove it lacks an adequate appellate remedy." *Id.* (citing *In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding)). "[W]hether a party is entitled to mandamus relief from a trial court's ruling on mandatory venue turns solely on whether the ruling constitutes an abuse of discretion." *Id.* (citing *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding)).

"A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

## I. The Trial Court Abused Its Discretion in Denying the Motion to Transfer Venue.

SCEF's arguments that AstraZeneca "offered" services in Harrison County fail for the same reasons this Court concluded mandamus was warranted in *In re Sanofi-Aventis*. SCEF has not satisfied its burden of presenting prima facie proof that anyone received, or that AstraZeneca promised to provide, the challenged services in the county. *In re Sanofi-Aventis*, 2025 WL 920111, at *5.

SCEF relied on three facts to support its allegation that venue was proper in Harrison County: (1) the allegation that "sales and marketing reps targeted providers affiliated" with two identified clinics; (2) AstraZeneca's websites; and (3) the brochure allegedly obtained from an unidentified clinic.

The first does not allege any unlawful acts and is not supported by any affidavit. The second fails because *In re Sanofi-Aventis* establishes that a website is not an "offer" under the TMFPA and because it is not supported by an affidavit. *Id.* at *5-6. The third is supported only by the untimely Burgess Declaration, and the brochure is not an "offer" under *In re Sanofi-Aventis*. *Id.*

Because SCEF failed to make prima facie proof of any facts demonstrating that venue is proper in Harrison County, the trial court abused its discretion by denying the motion to transfer venue.

**A.     SCEF Bears the Burden of Establishing Venue in Harrison County.**

The TMFPA's mandatory venue provision provides that actions "shall be brought in Travis County or in a county in which any part of the unlawful act occurred." Tex. Hum. Res. Code § 36.052(d). "When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact." Tex. R. Civ. P. 87(3)(a). "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.*

In its motion to transfer venue, AstraZeneca "specifically denie[d] that any of the alleged unlawful acts occurred in Harrison County and that venue is proper in Harrison County." MR140. Because AstraZeneca "asserted that none of the services it provides violate the" TMFPA and denied that "any of the purported 'unlawful acts' alleged in the Petition occurred in Harrison County," the burden shifted to SCEF "to produce prima facie proof of venue in admissible form, demonstrating that at least a part of the unlawful acts it alleges" AstraZeneca "committed occurred in Harrison County." *In re Sanofi-Aventis*, 2025 WL 920111, at *4.

**B.     SCEF Failed to Satisfy Its Burden.**

SCEF failed to satisfy its burden to produce prima facie proof that any alleged unlawful acts occurred in Harrison County.

10

### 1. The allegation that "sales and marketing reps targeted providers" in Harrison County fails.

In its amended petition, SCEF alleges that AstraZeneca's "sales and marketing reps targeted providers" in Harrison County. MR084. This allegation is insufficient to establish venue in Harrison County for two reasons. First, SCEF does not allege that these "sales and marketing reps" committed any of the allegedly "unlawful act[s]" in Harrison County, Tex. Hum. Res. Code § 36.052(d), so even crediting the allegation, venue would not lie in Harrison County. *See In re Sanofi-Aventis*, 2025 WL 920111, at *5 (holding that a declaration stating that sales representatives met with medical providers in the county was insufficient to establish venue without "details of what allegedly occurred at those meetings or how those meetings relate to the allegations in [Real Party's] pleadings").

Second, SCEF failed to support this allegation with any affidavit, and as a result, failed to "make prima facie proof of that venue fact." Tex. R. Civ. P. 87(3)(a).

### 2. SCEF's website theory fails under *In re Sanofi-Aventis*.

SCEF also argued that AstraZeneca's "public websites" constitute "offers" in Harrison County because the websites were accessible to "*all* U.S.-based Prescribers, including those in Harrison County." MR161 (emphasis in original). The websites invite patients and prescribers to "[c]onnect with a nurse educator," to receive "care coaching," to contact a "nurse helpline" with "questions regarding your treatment," and include links to download "Enrollment Forms" to receive

11

reimbursement support. MR161-63. SCEF claims these websites are "offers" extended "to *all* Prescribers in *all* U.S. geographies," and because they are "accessible from and can be accepted in Harrison County," venue is proper there. MR163 (emphasis in original); *see also* MR224 ("These [websites] are standing offers they have to everybody in the United States, including Harrison County.").

This Court rejected an identical argument in *In re Sanofi-Aventis*, which held that a website accessible in a county is not an "offer" that supports venue under the TMFPA. *See* 2025 WL 920111, at *5. An "offer" "connote[s] an inducement, directly or indirectly, of certain action by the person receiving the offer." *Id.* Mere ability to access to a website is not an "offer." *Id.* Instead, a person must "expect to receive something" as a result of accessing the website. *Id.* But as in *In re Sanofi-Aventis*, SCEF "provided no evidence that anyone in Harrison County received or that [AstraZeneca] promised to provide free nurse services or reimbursement-support services in return for accessing" its website. *Id.* "At most," the websites were "general invitation[s] to apply for some of the challenged nurse services, which" AstraZeneca "may then either accept or deny based on certain eligibility criteria." *Id.*

SCEF's website theory also fails because this submission was not accompanied by an affidavit as required by Rule 87. *See* Tex. R. Civ. P. 87(3)(a) ("Prima facie proof is made when the venue facts are properly pleaded and an

12

affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading.").

### 3. SCEF's brochure theory fails for the same reason its website theory fails under *In re Sanofi-Aventis*.

*In re Sanofi-Aventis* also forecloses SCEF's theory that a brochure from an unidentified clinic constitutes an unlawful act giving rise to venue.

As an initial matter, the brochure argument (and the supporting affidavit) were first raised in SCEF's untimely supplemental response and, as a result, need not be considered. SCEF submitted the Burgess Declaration on August 25, six days before the August 31 hearing and long after the deadline in Rule 87(1). *See* Tex. R. Civ. P. 87(1) ("Except on leave of court, any response or opposing affidavits shall be filed at least 30 days prior to the hearing of the motion to transfer."). SCEF failed to obtain leave of court for its untimely filing of the affidavit. As a result, SCEF failed to "make prima facie proof of th[is] venue fact." Tex. R. Civ. P. 87(3)(a).

In any event, SCEF's brochure theory fails for the same reasons as its website theory. According to Ms. Burgess, she visited an unspecified "clinic located in Marshall, Texas" and obtained a brochure. MR198. The brochure includes a QR code that directs patients to "sign up for updates about [their] prescription approval status and savings information" and includes links to a portal for Fasenra, an AstraZeneca product. *Id.*; *see also* MR211. The brochure informs patients that they can receive training to ensure they properly administer their medication and directs

13

patients to a website with contact information for a "Nurse Team" providing additional support and training. MR194-95, MR208.

The brochure is not an "offer" under this Court's decision in *In re Sanofi-Aventis*. It merely includes information and directs patients to a website to track the status of their prescription and access a patient portal, which includes information about some of the reimbursement programs. *See* MR193-95. A person does not "expect to receive something" in exchange for reviewing the brochure, just as they do not "expect to receive something" in exchange for visiting a website. *In re Sanofi-Aventis*, 2025 WL 920111, at *5. Like AstraZeneca's website itself, the brochure constitutes "a general invitation to" visit AstraZeneca's website and "apply for some of the challenged nurse services," which AstraZeneca may "either accept or deny based on certain eligibility criteria." *Id.*

SCEF "provided no evidence that anyone in Harrison County received or that [AstraZeneca] promised to provide free nurse services or reimbursement-support services in return for" reviewing the brochure. *Id.* The presence of the brochure in a clinic in the county does not satisfy SCEF's burden of producing prima facie proof that any unlawful conduct occurred in Harrison County. *Id.* at *5-6.

Because SCEF failed to meet its burden to present prima facie proof that any unlawful conduct occurred in Harrison County, the trial court abused its discretion in denying AstraZeneca's Motion to Transfer Venue, and mandamus is warranted.

14

## II. Mandamus is Warranted Because AstraZeneca Seeks Enforcement of a Mandatory Venue Provision.

Because AstraZeneca seeks to enforce a mandatory venue provision under Chapter 15 of the Texas Civil Practices and Remedies Code, it need not prove it lacks an adequate appellate remedy. *In re Sanofi-Aventis*, 2025 WL 920111, at *1.

The trial court's ruling in this case constituted an abuse of discretion for the same reasons as the trial court's decision in *In re Sanofi-Aventis*. SCEF failed to satisfy its burden to present prima facie proof that any of the allegedly unlawful conduct occurred in Harrison County. *Id.* at *6. Mandamus relief is appropriate.

## III. This Court Need Not Remand for Venue Discovery.

As in *In re Sanofi-Aventis*, this Court need not remand to permit venue discovery. SCEF did not "obtai[n] a ruling from the trial court on its continuance motion or discovery request." *In re Sanofi-Aventis*, 2025 WL 920111, at *6. "By proceeding on [the] motion to transfer in this manner and obtaining a ruling on it, while failing to obtain rulings on its continuance motion and discovery request, [SCEF] has no right to a remand for the trial court to consider these issues." *Id.*

A "remand for further proceedings on venue should be quite rare" and "is proper only when there is no probative evidence that venue was proper in either county of suit or in the county to which transfer was sought." *Id.* (internal quotation marks omitted). The TMFPA provides that venue is proper in Travis County—"the county to which transfer was sought." *Id.*; Tex. Hum. Res. Code § 36.052(d).

15

## CONCLUSION & PRAYER FOR RELIEF

For these reasons, Relator respectfully requests that this Court grant a writ of mandamus directing the trial court to vacate its September 1, 2023 order denying AstraZeneca's Motion to Transfer Venue and directing the trial court to transfer the case to Travis County. Relator requests all other relief, in law or in equity, to which it may show itself to be justly entitled.

Dated: May 9, 2025

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
   Stephen E. McConnico
   State Bar No. 13450300
   smcconicco@scottdoug.com
   Kennon L. Wooten
   State Bar No. 24046624
   kwooten@scottdoug.com
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
(512) 495-6399 (Fax)

GILLAM & SMITH LLP
   Melissa R. Smith
   State Bar No. 24001351
   melissa@gillamsmithlaw.com
303 S. Washington Ave.
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (Fax)

MORGAN, LEWIS & BOCKIUS LLP

*/s/ William R. Peterson*
   William R. Peterson
   State Bar No. 24065901
   william.peterson@morganlewis.com
   Heidi Rasmussen
   State Bar No. 24090345
   heidi.rasmussen@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000
(713) 890-5001 (Fax)

***Counsel for Relator***

## RULE 52.3(J) CERTIFICATION

I certify, in accordance with Texas Rule of Civil Procedure 52.3(j), that I have reviewed the foregoing Petition for Writ of Mandamus and concluded that every factual statement in the petition is supported by competent evidence included in the Appendix or record.

Date: May 9, 2025

/s/    William R. Peterson
William R. Peterson

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing computer-generated document complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i), because it has 3,106 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(2), which is less than 15,000-word limit applicable to this document.

I certify that the foregoing document complies with the typeface requirements in Texas Rule of Appellate Procedure 9.4(e), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Date: May 9, 2025

/s/    William R. Peterson
William R. Peterson

## CERTIFICATE OF SERVICE

As required by Texas Rules of Appellate Procedure 6.3 and 9.5(b), (d), and (e) I certify that a copy of the foregoing document was served on all parties and counsel by email. A copy of the Petition, Mandamus Record, and Appendix were also mailed to Respondent by certified mail, return receipt requested, to 200 West Houston St., Suite 219, Marshall, Texas 75670.

Date: May 9, 2025

*/s/    William R. Peterson*
William R. Peterson

No. _____

In the Fifteenth Court of Appeals
Austin, Texas

**In re ASTRAZENECA PHARMACEUTICALS LP,**
Relator**.**

Original Proceeding from the 71st District Court
Harrison County, Texas, Trial Court Cause No. 22-0426,
Honorable Brad Morin, Presiding

**APPENDIX INDEX TO PETITION FOR WRIT OF MANDAMUS**

| Tab No. | Document Description |
|---------|---------------------|
| A. | Order Denying Defendant's Motion to Transfer Venue |
| B. | Declaration of Steven Strauss |

# TAB A

Filed 9/1/2023 9:30 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Lori Hightower

Deputy

**CAUSE NO. 22-0426**

|  |  |
|---|---|
| THE STATE OF TEXAS,<br><br>*ex rel.*<br><br>SCEF, LLC AND LYNNE LEVIN-GUZMAN<br><br>    Plaintiffs-Relators,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS LP,<br><br>    Defendant. | IN THE DISTRICT COURT<br><br>71ST JUDICIAL DISTRICT<br><br>HARRISON COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the Court is Defendant AstraZeneca Pharmaceuticals LP's Motion to Transfer Venue. Upon considering the parties' briefing and oral argument, the Court is of the opinion that the Motion should be DENIED.

IT IS SO ORDERED.

SIGNED this _1_ day of ~~August~~ Sept, 2023

_____
Hon. Brad Morin
Judge Presiding

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 79136478
Filing Code Description: ORDER
Filing Description: ORDER DENYING DEFENDANTS SPECIAL EXCEPTIONS
Status as of 9/1/2023 9:32 AM CST

Associated Case Party: ASTRAZENECA PHARMACEUTICALS LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kennon L.Wooten | | kwooten@scottdoug.com | 8/31/2023 4:56:28 PM | SENT |
| Angela Goldberg | | agoldberg@scottdoug.com | 8/31/2023 4:56:28 PM | SENT |
| Melissa Richards Smith | 24001351 | melissa@gillamsmithlaw.com | 8/31/2023 4:56:28 PM | SENT |
| William Peterson | 24065901 | William.Peterson@morganlewis.com | 8/31/2023 4:56:28 PM | SENT |
| Brian Scott McBride | 24002554 | scott.mcbride@morganlewis.com | 8/31/2023 4:56:28 PM | SENT |
| Heidi Rasmussen | 24090345 | heidi.rasmussen@morganlewis.com | 8/31/2023 4:56:28 PM | SENT |
| Jordan Kadjar | | jkadjar@scottdoug.com | 8/31/2023 4:56:28 PM | SENT |
| John Dodds | | john.dodds@morganlewis.com | 8/31/2023 4:56:28 PM | SENT |
| Ryan McCarthy | | ryan.mccarthy@morganlewis.com | 8/31/2023 4:56:28 PM | SENT |
| Erica Jaffe | | erica.jaffe@morganlewis.com | 8/31/2023 4:56:28 PM | SENT |
| Kevin Rajan | | kevin.rajan@morganlewis.com | 8/31/2023 4:56:28 PM | SENT |
| Inez Freeman | | Inez@GillamSmithLaw.com | 8/31/2023 4:56:28 PM | SENT |
| Andrew "Tom"Gorham | | tom@gillamsmithlaw.com | 8/31/2023 4:56:28 PM | SENT |
| Ruth Adams | | radams@scottdoug.com | 8/31/2023 4:56:28 PM | SENT |
| Steve McConnico | | smcconnico@scottdoug.com | 8/31/2023 4:56:28 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Audrey Moore | | audrey.moore@lanierlawfirm.com | 8/31/2023 4:56:28 PM | SENT |
| Ryan Ellis | | ryan.ellis@lanierlawfirm.com | 8/31/2023 4:56:28 PM | SENT |
| Alex J. Brown | | alex.brown@lanierlawfirm.com | 8/31/2023 4:56:28 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 79136478
Filing Code Description: ORDER
Filing Description: ORDER DENYING DEFENDANTS SPECIAL EXCEPTIONS
Status as of 9/1/2023 9:32 AM CST

Case Contacts

| Courtney Walton | | courtney.walton@lanierlawfirm.com | 8/31/2023 4:56:28 PM | SENT |
|---|---|---|---|---|
| Zeke DeRose | | Zeke.Derose@lanierlawfirm.com | 8/31/2023 4:56:28 PM | SENT |

Associated Case Party: SCEF, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan Wilkerson | 24050162 | jonathan.wilkerson@lanierlawfirm.com | 8/31/2023 4:56:28 PM | SENT |
| Jennifer Leigh Truelove | 24012906 | jtruelove@mckoolsmith.com | 8/31/2023 4:56:28 PM | SENT |
| Christopher Lee Gadoury | 24034448 | cgadoury@amarolawfirm.com | 8/31/2023 4:56:28 PM | SENT |
| Kristin LeveilleRodriguez | | kleveille@mckoolsmith.com | 8/31/2023 4:56:28 PM | SENT |
| Eric B. Halper | | ehalper@mckoolsmith.com | 8/31/2023 4:56:28 PM | SENT |
| W. Mark Lanier | | WML@LanierLawFirm.com | 8/31/2023 4:56:28 PM | SENT |
| Radu Lelutiu | | rlelutiu@mckoolsmith.com | 8/31/2023 4:56:28 PM | SENT |
| joel leach | | jleach@mckoolsmith.com | 8/31/2023 4:56:28 PM | SENT |
| Sam Baxter | | sbaxter@mckoolsmith.com | 8/31/2023 4:56:28 PM | SENT |
| Radu A. Lelutiu | | relutiu@mckoolsmith.com | 8/31/2023 4:56:28 PM | ERROR |

Associated Case Party: THE STATE OF TEXAS EX REL.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Samuel F. Baxter | 1938000 | sbaxter@mckoolsmith.com | 8/31/2023 4:56:28 PM | SENT |

Associated Case Party: The State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 79136478
Filing Code Description: ORDER
Filing Description: ORDER DENYING DEFENDANTS SPECIAL EXCEPTIONS
Status as of 9/1/2023 9:32 AM CST

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lynne Kurtz-Citrin | 24081425 | lynne.kurtz-citrin@oag.texas.gov | 8/31/2023 4:56:28 PM | SENT |
| Cynthia Lu | 24067897 | Cynthia.Lu@oag.texas.gov | 8/31/2023 4:56:28 PM | SENT |
| Jonathan Bonilla | 24073939 | Jonathan.Bonilla@oag.texas.gov | 8/31/2023 4:56:28 PM | SENT |

# TAB B

**No. _____**

In the Fifteenth Court of Appeals
Austin, Texas

**In re ASTRAZENECA PHARMACEUTICALS LP,**
Relator**.**

Original Proceeding from the 71st District Court
Harrison County, Texas, Trial Court Cause No. 22-0426,
Honorable Brad Morin, Presiding

## DECLARATION OF STEVEN STRAUSS

1.    My name is Steven Strauss. I am over the age of 18 and am in all ways capable of making this declaration on personal knowledge.

2.    I am counsel for AstraZeneca Pharmaceuticals LP in connection with this mandamus proceeding.

3.    The appendix being submitted herewith contains a true and correct copy of Respondent's Order Denying Defendant's Motion to Transfer Venue, entered on September 1, 2023.

4.    The mandamus record being submitted herewith contains a true and correct copy of:

a.    Original Petition, filed on May 25, 2022;

b.	Texas's Notice of Election to Decline Intervention and Agreed Motion to Unseal, filed on December 21, 2022;

c.	Agreed Order, filed on December 21, 2022;

d.	Motion to Transfer Venue of Defendant AstraZeneca Pharmaceuticals LP, filed on March 3, 2023;

e.	First Amended Petition, filed on April 27, 2023;

f.	Relators' Response to Defendant's Motion to Transfer Venue or, in the Alternative, for a Continuance to Conduct Venue Discovery, filed on May 1, 2023;

g.	Motion to Transfer Venue of Defendant AstraZeneca Pharmaceuticals LP, filed on May 22, 2023;

h.	AstraZeneca's Motion for Protective Order, filed on July 7, 2023;

i.	Relators' Combined Response to Defendant's Motions to Transfer and for a Protective Motion and, in the Alternative, Cross-Motion for a Continuance Pending Completion of Venue Discovery, filed on August 1, 2023;

j.	The State of Texas's Statement of Interest in Response to Defendant's Motion to Transfer Venue, filed on August 16, 2023;

k.	Supplemental Submission in Support of Relators' Response to Defendant's Motion to Transfer Venue, filed on August 25, 2023;

l.      Hearing Transcript for Motion to Transfer Venue and Motion for Protective Order, held on August 31, 2023; and

m.      Amended Docket Control Order (Signed), filed on April 15, 2025.

5.      The record being submitted herewith contains 246 pages, which are true and correct copies of the pleadings, and order listed above.

My address is 2222 Market Street, Philadelphia, PA 19103. My date of birth is August 15, 1992.

Signed this 8th day of May, 2025.

*/s/ Steven Strauss*
Steven Strauss

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ruth Adams on behalf of Kennon Wooten
Bar No. 24046624
radams@scottdoug.com
Envelope ID: 100666095
Filing Code Description: Original Proceeding Petition
Filing Description: Petition for Writ of Mandamus
Status as of 5/9/2025 3:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steve McConnico | | smcconnico@scottdoug.com | 5/9/2025 3:24:55 PM | SENT |
| Kennon L.Wooten | | kwooten@scottdoug.com | 5/9/2025 3:24:55 PM | SENT |
| Jordan Kadjar | | jkadjar@scottdoug.com | 5/9/2025 3:24:55 PM | SENT |
| Angela Goldberg | | agoldberg@scottdoug.com | 5/9/2025 3:24:55 PM | SENT |
| Ruth Adams | | radams@scottdoug.com | 5/9/2025 3:24:55 PM | SENT |
| William Peterson | 24065901 | William.Peterson@morganlewis.com | 5/9/2025 3:24:55 PM | SENT |
| Melissa Smith | 24001351 | melissa@gillamsmithlaw.com | 5/9/2025 3:24:55 PM | SENT |
| Jennifer Truelove | 24012906 | jtruelove@mckoolsmith.com | 5/9/2025 3:24:55 PM | SENT |
| Alex Brown | 24026964 | alex.brown@lanierlawfirm.com | 5/9/2025 3:24:55 PM | SENT |
| Zeke DeRose | 24057421 | zeke.derose@lanierlawfirm.com | 5/9/2025 3:24:55 PM | SENT |
| Jonathan Wilkerson | 24050162 | jonathan.wilkerson@lanierlawfirm.com | 5/9/2025 3:24:55 PM | SENT |
| Jonathan Bonilla | 24073939 | Jonathan.Bonilla@oag.texas.gov | 5/9/2025 3:24:55 PM | SENT |
| Lynne Kurtz-Citrin | 24081425 | lynne.kurtz-citrin@oag.texas.gov | 5/9/2025 3:24:55 PM | SENT |
| Cynthia  Lu | | cynthia.lu@oag.texas.gov | 5/9/2025 3:24:55 PM | SENT |
| W. Mark Lanier | | WML@LanierLawFirm.com | 5/9/2025 3:24:55 PM | SENT |
| Erica Jaffe | | erica.jaffe@morganlewis.com | 5/9/2025 3:24:55 PM | SENT |
| Brian McBride | 24002554 | scott.mcbride@morganlewis.com | 5/9/2025 3:24:55 PM | SENT |
| John Dodds | | john.dodds@morganlewis.com | 5/9/2025 3:24:55 PM | SENT |
| Heidi Rasmussen | 24090345 | heidi.rasmussen@morganlewis.com | 5/9/2025 3:24:55 PM | SENT |
| Steven Strauss | | steven.strauss@morganlewis.com | 5/9/2025 3:24:55 PM | SENT |